JAMES D. GARDINER, Plaintiff in Error, *v.* NATHAN R. HARBACK, Defendant in Error.

ERROR TO COLES.

Any alteration in a written contract, however slight, which changes its terms, made by one party without the consent of the other, will discharge the party or a surety not agreeing to the alteration.

If both the parties to a contract agree to an alteration of it, they are still bound by it, but the surety of either will be discharged. If the surety, however, consents to the alteration, or if he subsequently, with a full knowledge of the facts, approves of it, he remains bound for the performance of the agreement.

Adding the words "$10 dollars and fifty interest," immediately after the words "value received," in a promissory note, is not a material alteration; such words would be construed to mean that a portion of the value received by the makers, consisted of ten dollars and fifty cents of interest.

THIS case is stated in the opinion of the court.

S. T. LOGAN, and U. F. LINDER, for Plaintiff in Error.

E. H. STARKWEATHER, for Defendant in Error.

WALKER, J.   This was an action of assumpsit, instituted on this note:

> "*Bourbon, May* 27, 1857.
> "On demand, we promise to pay N. Harback, or order, five hundred dollars, for value received.
>
> H. H. COX.
> J. D. GARDINER."

The declaration contained a special count only, to which was filed a plea of non-assumpsit, verified by affidavit. The trial was had by the court, without the intervention of a jury, by consent. The evidence on the trial showed that the note was executed by Cox, as principal, and Gardiner, as surety, and that Harback's agent, when the note was handed to him by Cox, and when Gardiner was not present, insisted that the note should have embraced the interest which had already accrued on the

9

claim, for which it was given. That Cox said he would not alter the note, but would make a memorandum at the bottom, which would make no difference, as he would pay it the next week, and then wrote at the bottom of the note, opposite and to the left hand of the signatures, the words, " $10. dollars and fifty interest." That when Gardiner was called on to pay the note, he urged Harback's agent to commence an attachment against Cox, and that they went to Charleston together, and by arrangement to which Gardiner was a party, suit was instituted against both Cox and Gardiner, and an attachment was sued out in aid, and Gardiner furnished security on the attachment bond. He, at the time, admitted he would have to pay whatever amount should not be made out of Cox by the attachment; and the words at the bottom of the note were erased at his request. That on the trial the signatures to the note were admitted to be genuine. On this evidence the court rendered a judgment in favor of plaintiff for $530.66 and costs, which is conceded to be the amount of the note and interest, exclusive of ten dollars and fifty cents mentioned in the memorandum. To reverse this judgment, the defendant below prosecutes this appeal.

It is urged that there was such an alteration of the note after its execution, as released Gardiner from liability. The doctrine is well settled that any material alteration made in any instrument in writing, by a party having an interest in its performance, or when made with his assent, and without the consent of the other party to the instrument, will avoid it, and discharge the party not agreeing in the alteration, from its performance. Any such alteration in an instrument, however slight, if it changes its terms, will have this effect. The law will not tolerate such changes in the evidence the parties have provided of the terms of their contract, and if so made, annexes as a penalty, the release of the other party from all obligation under the contract. This doctrine applies as well to securities to contracts as to the principal contractors. The surety has the unquestioned right to insist upon the contract as he entered into it, and any material alteration of the instrument by the other parties to it, without his concurrence or ratification, will release him from its performance. By such a change, when made by the principal contractors, if binding upon them, the contract as thus changed, is a new and different one from that executed by the surety, and as such he is not legally bound for its performance. But it is also true that if he consents that the alteration may be made, or, after it is made, he, with a full knowledge of all the facts, approves and ratifies the alteration made by the other parties, he would still be bound for the performance of the agreement.

It then remains to be determined whether the addition of these words at the bottom of the note, changed its legal effect. They follow the words " value received," which conclude the body of most notes. Had they been inserted before the note was signed and made a part of it, we are not able to perceive that they would have added any further liability than what the language already used had imposed. Occupying the position they did, at the conclusion of the note, they would rather seem to explain the preceding language used, than to import any new obligation. They seem rather to say that a portion of the value received by the makers, consisted of ten dollars and fifty cents of interest, than that they would pay such additional sum of money to the payee of the note. There is, we think, no fair mode of construction by which it can be held to create such an obligation. We think they neither do or even purport in the slightest degree, to change the legal effect of the instrument. But were this not the true construction, the acts of Gardiner, when the note was presented to him for payment, and when he had a full knowledge of all the facts, clearly amount to a ratification of the addition of these words, and a waiver of all right to insist upon a discharge. He at that time claimed no such discharge ; but on the contrary, admitted his liability, and that he would have to pay such portion of the note as should not be collected of the principal in the note. He consented that the suit should be instituted against him and his principal, and also procured security in the attachment proceeding against Cox, and this memorandum was stricken from the note at his request, which restored that instrument to its original language, in every particular. So that in either point of view, we must think that the appellant was not discharged from his liability to pay this note, and that the court below committed no error in rendering judgment on it, in favor of appellee, and that the same should be affirmed.

*Judgment affirmed.*