# APRIL TERM, 1863.

39  805
82  222

## E. S. GORDON and wife *v.* H. E. SIZER.

1. DEED: IMMATERIAL ALTERATION OF: PRESUMPTION IN FAVOR OF.—
Where words of description are interlined in one portion of a deed, and the
same words are embraced in another part of the deed, so that upon the
whole deed the description of the property conveyed is perfect, without refer-
ence to the interlineation, the words will be presumed to have been inter-
lined either before the execution of the deed, or afterwards by consent of
parties.

2. SAME: SAME.—Where words interlined in a deed do not change its
sense or meaning, the interlineation is immaterial, and does not affect the
validity of the deed.

3. SAME: WHETHER INTERLINEATIONS AFFECT ANY BUT NEGOTIABLE IN-
STRUMENTS: *Quære?*—Whether the rules of law in relation to interlinea-
tions in negotiable instruments are applicable to other writings? *Quære?*

4. EJECTMENT: PLAINTIFF NEED TRACE TITLE NO HIGHER THAN COMMON
SOURCE.—Where both the plaintiff and defendant in an action of ejectment
claim title from the same source, it is unnecessary for the plaintiff to trace
his title farther back than the common source of title of both parties.

5. SAME: VERDICT MAY BE FOR ONE DEFENDANT AND AGAINST THE
OTHER: NOT NECESSARY TO SHOW JOINT POSSESSION.—In an action of
ejectment against two defendants, the plaintiff will not fail because he fails
to show a joint possession in both defendants; but if the proof show pos-
session in one alone, he is entitled to a verdict and judgment against him.

6. SAME: HUSBAND AND WIFE: POSSESSION OF HUSBAND OF AN EASEMENT
APPURTENANT TO WIFE'S LAND IS HER POSSESSION.—The use and occu-
pation by the husband and his family of a right of way, purchased in his
own name, but appurtenant to the wife's land, is a sufficient possession by
the wife of the right of way to authorize a judgment in ejectment against
both husband and wife, in favor of a plaintiff who has a common interest
in the right of way.

7. RIGHT OF WAY: POSSESSION OF: NOTICE.—The use as a passway of
an unenclosed alley in a city, by one owning an adjoining lot, is not notice

to the world that the party so using it claims an exclusive title to the alley, if it be so situated that the occupants of other adjacent lots might also use it.

8. SAME : SAME.—A right of way is a mere incorporeal hereditament, of which the actual and visible possession requisite in law to constitute notice is not predicable.

9. DEED : RECITALS IN NOTICE TO GRANTEE.—A recital in a deed, that the grantor may have previously conveyed an alley on a part of the demised premises, is sufficient to put the purchaser on inquiry as to the nature and character of the title of the person who is then using the alley as a pass-way.

10. EJECTMENT : EFFECT OF JUDGMENT IN, WHERE RIGHT OF WAY IS INVOLVED.—If a person owning a right of way in common with the owner of the fee, stop up the way and appropriate it exclusively to his own use, the owner of the fee may recover possession by an action of ejectment, but the recovery will not interfere with the defendant's right to use the way according to his title.

ERROR to the Circuit Court of Hinds county.    Hon. John Watts, judge.

This was an action of ejectment by Sizer, the defendant in error, against Gordon and wife, the plaintiffs in error, to recover possession of an alley four feet wide in lot No. 1, in square No. 3 south, in the city of Jackson.

Pleas, not guilty, and Statute of Limitations.

On the trial, plaintiff offered in evidence a deed made by C. W. Pierce to him, dated 15th February, 1853. This deed con-veyed to the plaintiff "the northern portion of lot No. 1, in square No. 3 south, being twenty feet lying and fronting on State street, and also one hundred feet, except about four feet at the west end of said lot, which I [the grantor] may have previously conveyed, and if not, then I hereby convey the one hundred feet as aforesaid, lying and fronting on Pascagoula street, of said lot No. 1, in square No. 3 south, aforesaid, situate and being in the city of Jackson," &c.

To the reading of this deed in evidence the defendant objected, "because the same did not convey the alley in controversy, that plaintiff had not laid a proper foundation for its introduction, and because said deed was interlined with the words 'in square No.' on the first page thereof, without evidence that the inter-lineation had been made before the sealing and delivery of the

deed." The objections were overruled, and defendant excepted. No other reference to, or evidence of, the alleged interlineation is contained in the record than is furnished by the above objection. From this it would appear that the interlineation complained of was of the words "in square No.," where they first occur in the extract from the deed above quoted.

It appeared from the evidence that square No. 3 was bounded, on the east by State street and on the north by Pascagoula street. That lot No. 1, conveyed in the deed from Pierce to Sizer, was on the northeast corner of said square, and fronting on both State and Pascagoula streets; that the lot owned by Mrs. Gordon adjoined this lot on the south, and fronted only on State street. The alley in controversy was a strip four feet in width, cut off from lot No. 1, and extending from Pascagoula street to the rear of Mrs. Gordon's lot, and was the only means of egress from her lot to Pascagoula street. Plaintiff also owned the lot west of this alley, and his buildings on the east and west covered all the ground except the four feet allotted to the alley. It also appeared that Gordon, from the date of the purchase of Mrs. Gordon's lot from Pierce, in 1849, had exclusive use of this alley using it as a passway from the rear of the lot to Pascagoula street; and that a short time before the commencement of this suit Gordon had closed up the alley, and refused permission to plaintiff to cut doors from his adjoining buildings leading into the alley.

The other evidence in the case is fully set out in the opinion of the court, and is not necessary to be here repeated.

On behalf of the plaintiff the court instructed the jury: "That no conveyance of land, or of any interest therein, as of a right of way over the same, can be made, except by deed in writing, proved before the jury, or otherwise proved and recorded according to law."

The defendant asked the following charges:.

1. "The plaintiff must rely for a recovery upon the strength of his own title and not on the weakness of defendants." (Given.)

2. "The plaintiff must affirmatively show in himself an absolute title to the property in controversy, regularly derived from the government of the United States or otherwise, and that he is

entitled to the exclusive possession of the alley in controversy, or the jury must find for defendant." (Refused.)

'3. "If the jury believe from the evidence that defendants, or either of them, have a good and legal title to the possession of the alley in dispute, either conjointly with or independent of the plaintiff, then the plaintiff cannot recover in this action, and the jury must find for defendants." (Given.)

4. " To recover in this action the plaintiff must prove to the satisfaction of the jury that at the time this suit was brought the parcel of ground demanded was in the joint possession of all the defendants." (Refused.)

5. " Registration of an otherwise valid conveyance of real estate is not unconditionally necessary to the validity of such conveyance: such registry is only intended as notice to purchasers : whatever facts or circumstances, coming to the knowledge of the party relying upon want of registry of such conveyance, would put a prudent person upon inquiry relative to the title thereby conveyed, will constitute sufficient notice of such title, and dispense with the necessity of registration." (Given.)

6. " Possession of real estate is sufficient notice to all the world of the title and interest of the party in possession thereto, and that notice is co-extensive in its force and effect with that title and interest." (Refused.)

The court refused the second, fourth, and sixth charges, and gave the others.

There was verdict and judgment for plaintiff against both defendants, who moved for a new trial, which being overruled, they sued out this writ of error.

*R. A. Clark,* for plaintiff in error.

1. The interlineation without explanation vitiated the deed. 9 S. & M. 375.

2. Possession of land is notice to the world of the claim of the possessor. *Tillman* v. *Loggins,* 37 Miss. R. 554; 1 S. & M. 167 ; 6 Id. 349 ; 7 Id. 456.

3. There was no proof that Mrs. Gordon had possession of the alley, and no judgment should have been rendered against her.

4. Gordon being in the adverse possession of the alley when Sizer's deed was made, it was void.

*George L. Potter,* for defendant in error.

All controversy here being limited strictly to the points raised in the errors assigned, I shall discuss them only.

1. The deed to Sizer was properly admitted. We were not bound to offer any preliminary explanatory proof regarding the alleged alteration of the deed. Where there is no suspicion of fraud arising from an interlineation, it is presumed to have been made at the date of the deed. 1 Greenl. Ev. § 564; 2 Phil. Ev. (Cowen and Hill's notes) p. 299.

As admitted by adverse counsel, the proofs show that the lots in Jackson are parts of *squares,* the squares as well as the lots being *numbered.* Hence the number of the square, as well as of the lot, was essential to identify the lot. The alleged interlineation is of the words "in square No." As this was essential to identify the lot, we must presume it was inserted at the time of making the deed. Fraud will not be *presumed,* much less will it be assumed, from the fact that a plain omission in the draft of a deed has been corrected. Moreover, all the proof shows that Sizer, by his tenant, occupied this lot as owner.

There is another fact that removes all possible objection. The objection taken was, that "said deed was interlined with the words ' in square No.' on *the first page* thereof." That is, there was but the *one interlineation.* But the deed shows that the *number of the square* is given *twice*—once near the commencement and once near the end of the deed. As but *one* interlineation is alleged, it is plain that the deed, as executed, did contain the number of the square, else how do we now find that number in *two places?* This shows that the alleged interlineation was *immaterial* as well as beyond suspicion.

But the record does not show there was *any* interlineation. None such appears on the face of the deed as copied into the record. The bill of exceptions shows *no fact* touching such interlineation. It merely recites certain *reasons* alleged by counsel to the introduction of this deed. Those reasons are three, prefixed with a "because," viz.: "Because the deed does not

convey the land in controversy, and plaintiff had not laid a proper foundation for the introduction of the deed;" and "*because* said deed was interlined with the words 'in square No.' on the first page thereof." These were, obviously, the *reasons assigned by counsel* in support of the objection, (p. 13;) but were they well founded? Was the deed thus interlined? It is not so certified by the judge, nor otherwise shown. If we are to understand that, by the words referred to, the judge intended to certify to *the fact* of interlineation, we must also say he intended to certify *as a fact* that the deed does not convey the land, and that plaintiff had not laid a proper foundation for the introduction of the deed; for all of these are stated together and in the same form of words. It is manifest that the bill of exceptions merely states the *reasons urged by counsel* against the introduction of the deed; but there is no statement that *the facts* were as thus assumed by him. Part of the objections were manifestly frivolous, and there is no ground to except any of them from that condemnation.

2. Counsel mistakes the purport of the only instruction asked for plaintiff. This charge does not assert that registration is essential in order to give effect to a deed; but its sole purpose is to assert that a party claiming title to land by conveyance must show that it has been so conveyed; that it has been so done "by deed in writing proved before the jury, *or* otherwise proved and recorded, as required by law." This is, he must prove before the jury the due execution of the deed, *or* it must have been duly certified and recorded, so as to dispense with proof before the jury of the fact of execution.

But if this charge, if standing uncorrected, could be regarded as prejudicial to the plaintiffs in error, all ground of complaint is removed by the fifth charge given for them.

3. As to the charges refused to plaintiffs in error, there is no error. The second charge improperly assumed that plaintiff must go back and deraign title from the United States, and show a right to "exclusive possession," "otherwise the jury MUST *find for the defendants.*"

But the proof showed that both parties claimed under Pierce, and had no other claim. Hence title need not be deraigned, as

assumed in this charge. It is also shown that defendants only claimed to be tenants in common with plaintiff of a right of way ; and thus, on their own assumption, plaintiff was not bound to show right to "exclusive possession" in order to recover at all. Clearly, this instruction, *as asked,* was wrong, and was therefore properly refused. *Van Alstyne* v. *Spraker,* 13 Wend. 582 ; Rev. Code, p. 386, Art. 1.

The fourth charge was properly refused. It assumes that, in order to recover at all against either defendant, plaintiff must prove a *"joint possession"* by both; whereas he might recover against one and not against the other. *Jackson* v. *Woods,* 5 Johns. 278.

The sixth charge is much too broad, and was properly refused in view of the proofs.

The proofs show that Sizer claims the north half of lot No. 1 under a deed from Pierce dated in 1853. That Mrs. Gordon purchased the south half of said lot from Pierce in 1849; and that both of defendants resided there until 1856. And Gordon proves that, under a *verbal* promise from Pierce, they had used the alley in controversy ever since 1849.

Neither of defendants claim any *title* to the use of the alley of earlier date than 1850 or 1851, when Pierce conveyed to E. S. Gordon a right of way over it as tenant in common.

Now the purpose of defendants was to make this possession or use of the alley, commenced under a verbal license in 1849, notice to Sizer in 1853 of the deed executed to E. S. Gordon in 1850 or 1851. Hence they claim that their possession, thus begun in 1849 and continued without any change to indicate a holding under any title up to and until the time of this suit, was *notice* to Sizer of the conveyance obtained by E. S. Gordon *long after that possession began!* And on this claim they present this broad distinction, by which they would exclude from the jury all consideration of these particulars of the case.

It is manifest that this claim will not stand the test of legal scrutiny. From the date of that possession in 1849 up to the date of the deed to E. S. Gordon in 1850 or 1851, it was *"notice"* to the world—notice to Sizer: but of what? Why only of the facts then existing in relation to it—the fact that

defendants were using the alley as a passway under *verbal* authority from Pierce. If Sizer had made full inquiry, that would have been all he could have learned. Suppose, then, we hold him legally chargeable, on the day before the deed to E. S. Gordon, with notice that defendants thus held possession by *verbal authority from Pierce.* He retires to sleep with that knowledge and awakes just after that deed is executed the next day. He finds them still in possession, without the slightest circumstances to indicate any change of title, precisely as before. But the claim is, that *now* he has notice, derived only from that continued possession, of the execution of this deed giving a legal right in place of the old verbal license to use that alley! It is gravely assumed that, by this continuance of the old possession, he is put upon inquiry and bound to know of this *new fact* regarding this occupancy; and thus this old possession, continuing unchanged, is to constitute a *new notice*, from time to time, as the occupant acquires a new deed! Such is not the rule of law.

*McMechan* v. *Griffing*, 3 Pick. 154, 155: "The fact of notice must be proved by indubitable evidence; either by direct evidence of the fact, or by proving other facts from which it may be clearly inferred. It is not in such case sufficient that the inference is probable; it must be *necessary and unquestionable.*

"If one seized in fee of land, for a valuable consideration, by deed bargains and sells the land in fee to another, the deed gives the bargainee a right to enter, and when he enters by force of that right, he then is possessed of the land and complete tenant in fee; and such entry, being followed by *a visible improvement of the land and taking the profits thereof,* is such an evidence of the alteration of the property as will amount to implied notice thereof. Such a possession without the deed would amount to a disseizin, and nothing short of this can amount to implied notice."

Id. 155, 156: "But it is not always true that a possession, which if adverse would constitute a disseizin, would, under a deed not recorded, amount to implied notice."

Id. 156: "Suppose that a lessor should grant the land in fee to the lessee, he being in possession under the lease, and the

next day should make a second grant to a third person, who well knew that the lessee the day before was in possession under the lease, how does his continued possession furnish evidence of notice of his purchase? To imply notice in such a case is to presume a fact without proof and against probability." (See facts of this case.)

The foregoing extract clearly declares the law. The party in possession is presumed to hold *under the authority by which he entered;* and his visible enjoyment of the land is notice of that authority, but is not notice of any subsequent deed made during the continuance of that possession. See, on this point, *Hewes* v. *Wiswell,* 8 Greenleaf R. 98, 99; *Rogers* v. *Jones,* 8 New Hamp. 271, 272, and cases cited; Dart's Vend. and Purch. 402, *note.*

But we insist that, under the facts of this case, the use by Gordon of the alley was not such as to put Sizer in any manner upon inquiry, and in no sense constituted any notice to him. What is the proof? There was *an open, unimproved passway,* apparently free to the entrance of man and beast. Allen says that, "about the year 1851 or 1852, Pierce built a warehouse at the western end of said storehouse [the store on the corner, now Sizer's] and adjoining the same, extending to a point near which the alley, as described in the plat in the declaration mentioned, is located, but that there was a considerable space of *open ground* to the west of said warehouse."

Owen says that, in 1853 or 1854, he was employed by Sizer to repair and to extend this building still further west; that at that time there was still "some space of *open ground* west of said house; could not say how much."

It is true that Gordon said at the trial "that he had *closed up* the alley;" p. 17; but he does not say when it was done. It was manifestly after the time mentioned by Owen, that is, after Sizer purchased; for then it was but part of "a considerable space of *open ground.*" Thus, at the time Sizer purchased, this "open ground" was passed over by Gordon and his servants, chiefly by the latter, according to the proof; and this is *the possession* on which Sizer is to be charged with *notice!* Under the authority cited, the possession necessary to constitute *notice*

must "amount to *a disseizin, and nothing short of this will amount to implied notice.*" 3 Pick. 154, 155.   Surely this sort of passing over an unenclosed lot in a city cannot be held to amount to any thing like a disseizin.

4. The remaining error assigned is the refusal of a new trial; and the only ground suggested is, that "the jury found contrary to the evidence and the instructions."

If the positions above taken are correct, then it is obvious that the verdict is correct, unless the exception in the deed to Sizer alters the case.   That deed purports to convey *the fee* to the whole north half of the lot; conveys the four-feet alleyway in controversy ; but the grantor suggests that he "may have previously conveyed" the four feet; and if so, they are excepted.

But there is no pretence that these four feet had been "previously *conveyed.*"   All that defendants insist is, that *a right of way over the same* has been granted to E. S. Gordon.   Clarke, the attorney who drew the deed, says it granted "the right to *pass over and to use* said alley in conjunction with any other persons in possession of said lot then occupied by said Allen," that is, Sizer's lot.

Undoubtedly, the deed to Sizer conveyed to him *the fee* of the alley.   Defendants only contend that this estate is subject to their *easement* "to pass over and to use said alley in conjunction with" Sizer.   In any event, Sizer has *the title in fee* to, and the right, "in conjunction with" E. S. Gordon, "*to pass over and to use,*" this alley.

But does this exception in the deed to Sizer cover the easement claimed by Gordon?   We say not.   If these four feet had been "previously *conveyed,*" then they are excepted out of the deed; otherwise not; p. 11.   The purpose of the deed was to convey a title *in fee* to all the north half of the lot, including the alley, if it had not been "previously *conveyed.*"   Clearly, the exception depended upon the question whether the *title in fee* to the alley had already been conveyed.   And as it had not been conveyed, it passed to Sizer.   Can it be held that it passed subject to the *easement?*   We say not.   There is no exception of that sort—nothing to suggest that an easement had been granted.   The deed does not purport to convey only *such in-*

*terest* as Pierce had; but conveys *the land itself,* including *the land* of the alley, if not already conveyed. And the entire *land* passed to Sizer. As there was no reservation of an *easement,* it is not excepted.

Nor can this clause of the deed operate as *notice* of a previous grant of an *easement* over the lot. It contains no hint of that sort.

The verdict is therefore correct upon this point.

But it is said the verdict is wrong as to Mrs. Gordon. This point does not seem to be embraced in the errors assigned, nor to have been suggested as a ground for a new trial, as to Mrs. Gordon, in the court below; and therefore cannot be raised by argument of counsel. If proper to be considered, then we submit that Mrs. Gordon was properly made a defendant; and that the verdict is correct. The proof shows that she was the owner of the south half of the lot; and this right of way is claimed only for the benefit of *her property.* Her husband says, "that Pierce, upon the sale of said lot to the defendant, Penelope B. Gordon, put her in possession thereof, but that said Pierce omitted to include the right to use the alley in dispute, but *frequently promised to convey the same to the said Penelope,*" and put E. S. Gordon in possession "*for the use and benefit*" of her lot and of Pierce's adjoining lot. Thus the husband was put in possession of the right of way for the use and benefit of his wife and of her property.

It was her possession; and this defence is for her benefit. See *Marvin* v. *Dennison,* 1 Blatchford C. C. R. 159. It is said she *disclaimed,* but the plea referred to is any thing but a plea of disclaimer; and if it were, the legal conclusion is against her. A plaintiff is not bound to accept the disclaimer of a defendant.

If, however, the verdict be regarded as wrong as to her, the point has not been reserved. The motion for a new trial was *joint,* suggesting reasons only for both defendants. They join here in assigning errors. There is no suggestion anywhere, except in the brief, that a new trial ought to be granted to her *alone,* or upon any ground apart from the interests of Gordon.

If the verdict is right as to Gordon, *he* cannot be relieved for

any error regarding Mrs. Gordon, so as to disturb the finding upon his individual claim.

By the brief of counsel, this fourth assignment is limited to the suggestion that the verdict is "contrary to the third instruction and the evidence on that point." See close of his brief. That charge asserts that plaintiff cannot recover at all in this suit, if either of defendants have legal title to an easement over the alley, "either conjointly with, or independent of, plaintiff."

That is, that in this action plaintiff cannot recover even his right, as tenant in common, to use the alley, although the proof shows that E. S. Gordon has closed it up and shut him out. All that Gordon claims is the right to use the alley "in conjunction with any other persons *in possession of*" Sizer's lot. See proof by Clarke of deed to Gordon, p. 18. But Allen, as tenant of Sizer's lot, applied for leave to use this alley, and Gordon refused it. This was a brief time before this suit was brought, p. 14. Here was an ouster by Gordon; and surely Sizer had a right to recover, at least as tenant in common.

Under our Code, a plaintiff may sue for the whole and recover a part. Code, p. 386, Art. 1.

A plaintiff suing for the whole may recover an undivided share. *Harrison* v. *Stevens*, 12 Wend. 170; 13 Id. 578; *Ward* v. *Harrison*, 3 Bibb, 304.

It is further *argued* that the deed to Sizer is void, for champerty, in so far as it conflicts with Gordon's claim to the right of way.

But no such objection was made in the court below, and it cannot be raised here for the first time. Neither is it embraced under any of the assignments of error.

But there is no proof of champerty. We have already discussed the question of notice, and have seen that, under the circumstances, Sizer was not chargeable, even by implication, with notice of the deed to Gordon; whereas, to constitute champerty, there must be actual notice of an adverse possession.

No question is now raised upon the Statute of Limitations; and, obviously, no such objection could prevail. Pamphlet Acts, 1854, p. 134, § 3, allowing *ten* years, govern the case.

Upon a careful examination of the case arising upon the sev-

eral assignments of error, it seems impossible to hold 'that any of them are well taken.    We ask that the judgment be *affirmed.*

HANDY, J., delivered the opinion of the court:

This was an action of ejectment, brought by the defendant in error to recover a parcel of ground in the city of Jackson.

On the trial in the court below, the plaintiff, in support of his title, offered and read in evidence a deed to him from one Pierce for the premises, dated 15th February, 1853, conveying " the northern portion of lot No. 1, in square No. 3 south, being twenty feet lying and fronting on State street, and also one hundred feet, except about four feet at the west end of said lot, which I may have previously conveyed, and if not, then I hereby convey the one hundred feet as aforesaid, lying and fronting on Pascagoula street, of said lot No. 1, in square No. 3 south," &c. The ground in controversy was the four feet, part of the one hundred feet mentioned in this deed, and being an alley about four feet wide between two lots belonging to the plaintiff.

He further proved that Gordon and wife owned and occupied a house on State street, near the corner of that and Pascagoula street, fronting on the former, and running back parallel with the latter street, and that they used this alley as a passway from the back part of their residence to Pascagoula street; that Gordon had closed up the alley, and refused to permit any person to pass through it; that he held the sole and exclusive possession of the alley from the time he first occupied the adjoining house, the alley being the only means of access to Pascagoula street from said house, and refused to permit access to it from doors proposed to be made in the houses of the plaintiff on both sides of the alley.    It was shown that when one of these houses was about to be enlarged and extended towards the alley, in 1853 or 1854, the plaintiff pointed out where the foundation of the building should be laid, and that there was some space of open ground left on the side where the alley lay.

On the part of the defendants, it was in evidence that Mrs. Gordon purchased said house and lot occupied by the defendants from said Pierce in 1849 ; that Pierce gave possession at the time of sale, and omitted to include the right to use the alley,

but frequently promised to convey the same to her; that, at the time of sale, he put Gordon in possession of the alley, for the use and benefit of the lot sold to Mrs. Gordon and of the adjoining property of Pierce subsequently sold to the plaintiff, for which Gordon paid him fifty dollars, and Pierce promised to execute to him a conveyance; that afterwards, in the year 1850 or 1851, Pierce executed to Gordon a deed conveying to him the right to pass over and use said alley, as a passway from his house, in conjunction with any other persons in possession of the other lots adjoining the alley; which deed was not acknowledged nor recorded, but was lost and could not be found.

Upon these facts judgment was rendered for the plaintiff, and the defendants prosecute this writ of error.

The first error assigned is, that the court below overruled the defendant's objection to reading in evidence the deed relied on by the plaintiff. This objection was on the ground that an interlineation which appeared on the face of the deed on the first page, as to a material part of the description of the premises conveyed, was not shown to have been made before the execution of the deed.

But it appears that these words, interlined in the first part of the deed, are contained and repeated in the latter part of it, where they are not alleged to be interlined. This shows that the words interlined were intended to be inserted in the deed, and raises the presumption that the interlineation was made either before execution or by consent of the parties; or it would render the alteration immaterial, since the omission of the interlined words would only render the description of the premises in that part of the deed obscure and uncertain, and the use of the same words in the subsequent part would show what was intended, and render the former description certain and clear. In either of these views the objection was properly overruled. Without intimating any opinion as to whether the objection is applicable to deeds or other instruments than such as are negotiable, we think that it was not well taken in the case presented.

The second assignment of error is taken to the first instruction granted at the instance of the plaintiff, "that no conveyance of land, or of any interest therein or right of way over the same,

can be conveyed except by deed in writing, proved before the jury, or otherwise proved and recorded as required by law."

The objection urged to this instruction is, that a deed regularly executed, but not acknowledged and recorded, is only void *as to purchasers without notice;* and that the omission of this qualification in the instruction deprived the defendants of the benefit of showing that the plaintiff was a purchaser with notice of the defendants' interest. The point of the instruction appears to be, to state the modes in which a conveyance of land or of an interest therein must be proved; and the rule stated in that respect is correct as the general rule, though it is not stated with much clearness or precision in the instruction. The qualification to it, insisted upon for the plaintiffs in error, is fully stated in the fifth instruction given at their instance; so that no prejudice was done to them by the first instruction.

The third error assigned is the overruling of the second, fourth, and sixth instructions asked in behalf of the defendants.

The second instruction required the plaintiff to show a regular deraignment of title to the lot in controversy *"from the United States or otherwise."* But it appeared by the evidence that both parties claimed title from a common source, Pierce; and it was therefore unnecessary that the plaintiff should trace the title further back than that source. In this respect the instruction was erroneous, and this error was not cured by the addition of the words, "or otherwise," for this was too uncertain; and it was not proper to leave it to the jury to determine what other mode of proof of regularly derived title was sufficient besides that from the United States.

By the fourth instruction it was necessary that the plaintiff should prove a joint possession in both defendants, in order to recover. It is insisted that no recovery could be had against Mrs. Gordon, because there was no proof that she was in possession of the alley.

It appears by the evidence that she was the owner of the lot to which the alley was the only means of access from the back part; that the right of way over the alley was agreed by Pierce to be granted to her when he sold her the lot; and that Gordon's possession was for the use and benefit of that lot and the adjoin-

ing lots.   It was a right of way appurtenant to the lot of Mrs. Gordon, and whatever possession of it was held by Gordon was for the use and benefit of her lot.   Under these circumstances, the use and possession of the alley was joint in Gordon and his wife, and the instruction was calculated to mislead the jury. But, in addition to this, a recovery might have been had against one defendant and not against the other, if the proof had shown that possession was held by one and not by the other.

This instruction was therefore properly refused.

The sixth instruction was correct as an abstract proposition. But it was properly refused under the circumstances of this case.

The possession of cultivated or improved land, such as town lots, which will be sufficient of itself to give notice of an adverse claim, must be actual, visible, and notorious.   *Magee* v. *Magee*, 37 Miss. R. 138.   It must be such an open and notorious use and occupation, exclusively, by the party claiming it, as will reasonably give notice to the world that the party claims an interest in the subject of it.   Here there was no such possession. The alley was an open space of four feet of ground, from the street to the back part of the defendants' lot, and which might have been used as a passway, as well by the owners of the two houses adjoining it as by Gordon.   It was not enclosed from the street, and there was nothing to show that he claimed the exclusive right of possession of it ; and, in point of fact, he does not claim that right.   Possession of such a character is not sufficient of itself to give notice.   The right of Gordon was a mere incorporeal hereditament, of which actual, visible possession is not predicable.

The last assignment of error presents the question of the correctness of the judgment upon the merits of the case.

It clearly appears from the evidence that the defendants had an interest, consisting of the right of way in the alley, in common with the persons who owned the adjoining lots, at the date of the deed from Pierce to the plaintiff.   It is also evident that the plaintiff had actual notice of this claim or interest; for he applied to Gordon, through Allen, for his permission to cut a door in his house adjoining the alley, for the purpose of having access to the alley and the use of it; and in extending his house, he

pointed out the place where the foundation was to be placed so as not to interfere with the alley. He had also sufficient to put him on inquiry by the terms of his own deed, referring to the possibility of Pierce having previously made a conveyance of the alley or of an interest in it to some one.

Supposing, therefore, that he had notice of some claim on the part of the defendants, and that he made inquiry of them as to the nature and extent of it, he must have ascertained that they had but the right of way in the alley in common with himself; for that was the whole extent of their interest granted in the unrecorded deed. They had no conveyance of the land. He was, therefore, at liberty to purchase the land and to take a conveyance to himself; and he accordingly took the deed from Pierce relied on as the conveyance of the title to him. That deed by its terms conveyed the alley in fee to him, unless Pierce had previously conveyed it to some one else; and there being no such conveyance to another person, the deed vested the fee in him. Before the conveyance by Pierce to the plaintiff, Pierce held the title in fee to the alley, subject to the right of way of the defendants in common with the plaintiff, the owner of the adjoining lots. After the conveyance, the fee was vested in the plaintiff, subject to the same right of the defendants.

In this action, the legal title alone was the subject of controversy. And under the state of facts here presented, the plaintiff, having the legal title in fee to the alley, was entitled to recover in the action. But this title is to be held subject to the right of way of the defendants granted in the deed to Gordon, and of which the plaintiff must be taken to have had notice.

Upon the merits of the case, therefore, as presented upon the record on the motion for a new trial, the judgment is correct and is affirmed.