## Lewis McKibben *et al.*
### *v.*
## Thomas Newell.

1. EJECTMENT — *what relation between the parties will authorize a recovery.* A plaintiff in ejectment may recover, even though he fails to show a paramount paper title, if it appear the defendant entered under a contract of purchase from him, which had been surrendered up; and in such case the defendant cannot dispute his vendor's title without showing an outstanding paramount title in a third person.

2. And a party claiming under such vendor through a conveyance from him, may, upon the same principle, recover against a party who has entered under such prior purchaser after he had surrendered his contract to the vendor.

3. SAME — *who may question the character of the verdict.* Where a verdict in ejectment in favor of the plaintiff, finds the fee to be in him, it cannot be taken advantage of on error, by the defendant, when he has no title, and pretends to none, even though the verdict may be incorrect in that respect.

4. EVIDENCE — *necessity of showing its relation to the case, when offered.* Where a deed is offered in evidence in an action of ejectment, which, standing by itself, proves nothing material to the controversy, but the offer to read it is accompanied by a declaration that it would be followed· by other evidence showing it to be a link in a chain of title, it should be admitted; but without such declaration it would not be error to reject it.

5. ERASURES AND INTERLINEATIONS in contracts, will not be regarded when they are wholly unimportant, and the contract would be as valid and intelligible without them as with them.

APPEAL from the Circuit Court of Knox county; the Hon. John S. Thompson, Judge, presiding.

This was an action of ejectment brought in the court below by Thomas Newell against Lewis McKibben and John McKibben, a trial of which resulted in a finding and judgment in favor of the plaintiff. The defendants thereupon took this appeal.

The facts of the case are set forth in the opinion of the court.

Mr. A. M. Cʀᴀɪɢ and Mr. J. B. Rɪᴄᴇ, for the appellants.

Mr. R. L. Hᴀɴɴᴀᴍᴀɴ and Mr. P. H. Sᴀɴᴅғᴏʀᴅ, for the appellee.

Mr. Jᴜꜱᴛɪᴄᴇ Bʀᴇᴇꜱᴇ delivered the opinion of the Court:

The facts in this case are not disputed. They are substantially as follows: On the 1st day of February, 1859, Esther Phillips and Freemance Brontin, by Samuel Phillips, their attorney in fact, conveyed to James W. Cox the undivided half of the south-west quarter of section fourteen in town nine north, range one east lying in Knox county, in this State, and on the same day they, by their same attorney, entered into a contract with Cox reciting this deed of conveyance, and also reciting: "It is also agreed between these parties that the said parties of the first part have also and do hereby bargain and sell unto the said James W. Cox the other undivided half of said quarter section for the sum $1,375, to be paid in three equal annual payments in one, two and three years from the date, etc., and upon payment of said sum, the parties of the first part hereby agree to convey said premises with covenants of seizin, against incumbrances and warranty in the deed of conveyance unto the said party of the second part, his heirs or assigns, *provided*, that no money is to be paid on this contract until said parties of the first part procure a good and sufficient deed of conveyance for said premises, of all the right, title and interest therein, of Abigail Segree, Theresa Segree and Virtuosa Segree, children of Matthew J. Segree deceased, and before said last payment shall be made, shall place such deed on record in Knox county and have said land wholly free from all incumbrance."

In the spring of 1859, Cox entered into possession of the whole quarter section. One Francis Hill took a title bond from Cox for the north sixty acres, and entered into possession and occupied it, in 1860, and sold to Jefferson Belwood. Hill, under an arrangement with Cox and Belwood, surrended his bond to Cox, and Cox, releasing Hill, gave a new bond to Belwood, who took possession of the north sixty acres, and occupied it during 1861, 1862 and 1863. In 1864, Belwood surrendered his bond to Cox, and gave up the contract for the sixty acres, after which he sold, without right, as he testified, his possession and improvements to Joseph McKibben for $200, and appellants took possession " right away." They are the sons of Joseph McKibben, and had, at that time, attained to their majority, but were living with their father. They entered on the land while Belwood was in possession, in the spring of 1864, and sowed wheat on it, and in the same spring Belwood left the premises.

The appellee produced in evidence a deed to him from Cox, dated March 12, 1862, for the undivided half of this land, and also a deed from the Segrees, by their attorney in fact, dated October 22, 1864, for the other undivided half. Appellants took possession of the whole of the north eighty, and offered in evidence a quitclaim deed from Joseph McKibben to Lewis McKibben, one of the appellants, for the same, which, on the objection of appellee, was ruled out by the court as immaterial, to which appellants excepted. Cox had been in possession of the south eighty, and twenty acres in the south part of the north eighty, during the years 1859, 1860 and 1861. After the sale by Cox to the appellee, in the spring of 1862, of all his interest in the quarter section, appellee was in possession and cultivated these one hundred acres in 1862 and 1863.

The question is, on these facts, did appellee show such a prior possession of the north eighty, as to entitle him to recover?

He has shown no paramount paper title, and if he can recover at all, it must be on his prior possession, or that of Cox, under whom he claimed. It is insisted by appellants,

that the proof fails to show that they were in possession as appellee's tenants, or that they were in under a contract with appellee which they had failed to perform.

It is certainly clear that appellee must, by sufficient proof, connect this possession of appellants with his own, or with that of Cox, under whom he claims, and we are of opinion he has done so, by proving circumstances strong enough to justify the conclusion, that they entered under Belwood and with his permission, for he testified, that, while he was on the land, appellants sowed wheat on it, and on his leaving, they at once took possession. The inference is reasonable, that such entry was with Belwood's consent, and that it was in fraud of Cox, to whom Belwood had surrendered his contract of purchase, and of appellee, to whom Cox had sold, and the court below having so found, we do not feel warranted in disturbing the finding.

Had Belwood remained in possession, after surrendering his contract to Cox, it is certain Cox could have maintained ejectment against him, for he could not dispute the title of his vendor without showing an outstanding paramount title in a third person. Appellants are in no better position than Belwood, under whom they entered, for such is the import of the testimony.

As to the rejection of Joseph McKibben's deed, had the offer to read it been accompanied by a declaration that it would be followed by other proof showing title in some one who had conveyed the land to Joseph McKibben, the deed should have been admitted; standing by itself it proved nothing material to the controversy.

The doctrine that a plaintiff can recover of one who has received the possession from him, is well settled. Appellants are within this rule.

The objection that the verdict finds the fee to be in the plaintiff cannot be taken advantage of by appellants. It is immaterial to them what the verdict was, they having no title, and pretending to none.

As to the erasures and interlineations in the deed to Cox, they were wholly unimportant and affected in no degree the

validity of the deed.    The deed would be as valid and as intelligible without them as with them.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*