CYRUS W. FISHERDICK V. ALEXANDER H. HUTTON.

FILED MARCH 5, 1895. No. 6401.

1. Written Instruments: ALTERATION: MATERIALITY. An alteration of a written instrument after its execution by one party thereto, without the knowledge or consent of the other, which neither varies its meaning nor changes its legal effect, is an immaterial alteration, and will not invalidate the instrument.

2. ———: ———: ———: QUESTION OF LAW. Whether an alteration is material or immaterial, is a question of law for the court.

3. ———: ———: ———: ———. It is error to submit the question of alteration to the jury, where the alteration is immaterial.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*J. R. Webster* and *Halleck F. Rose,* for plaintiff in error:

An alteration is immaterial when the law would supply the matter added. (*Burnham v. Ayer,* 35 N. H., 351; *Western Building & Loan Association v. Fitzmaurice,* 7 Mo. App., 283; *Goodenow v. Curtis,* 33 Mich., 505; *Bridges*

*v. Winters*, 42 Miss., 135; *Sharpe v. Orme*, 61 Ala., 263; *Crews v. Farmers Bank*, 31 Gratt. [Va.], 348; *Kline v. Raymond*, 70 Ind., 271; *Smith v. Lockridge*, 8 Bush [Ky.], 423; *Palmer v. Sargent*, 5 Neb., 223.)

Neither alterations nor erasures will be regarded when they are wholly unimportant, and the contract would be as valid without as with them. (*McKibben v. Newell*, 41 Ill., 461.)

Nor will the insertion of words in a writing be regarded when they are either entirely immaterial or only explanatory and do not alter the legal sense of the instrument. (*Krouskop v. Shontz*, 51 Wis., 204; *Robertson v. Hay*, 91 Pa. St., 242; *Gordon v. Sizer*, 39 Miss., 818; *Gardiner v. Harback*, 21 Ill., 129.)

*Sawyer, Snell & Frost*, contra, cited: *Savings Bank v. Shaffer*, 9 Neb., 1; *Coit v. Churchill*, 61 Ia., 296; *Cox v. Palmer*, 1 McCrary [U. S.], 433.

Norval, C. J.

Defendant in error filed a mechanic's lien against lots 15 and 16 in Richard's Addition to the city of Lincoln, claiming a balance due him in the sum of $1,975, with interest thereon at seven per cent from August 25, 1890. Subsequently, suit was brought in the district court to foreclose said lien, and on February 28, 1891, during the pendency of the action, defendant in error, in consideration of the sum of $1,500, sold said mechanic's lien to the plaintiff in error, and assigned the same to him by writing duly acknowledged. The suit to foreclose the mechanic's lien was prosecuted to decree on the 13th day of November, 1891, and the court found and determined that the sum of $1,853.97, and no more, was due upon said lien, which was $288.08 less than the amount claimed to be due in said lien so filed and assigned as above set forth. Afterwards this action was brought by the plaintiff in error to recover

the said sum of $288.08, with interest as damages for the breach of covenants contained in the following written assignment of said mechanic's lien:

"LINCOLN, NEB., February —, 1891.

"For value received I hereby set over and assign to Cyrus W. Fisherdick my mechanic's lien against lots fifteen (15) and sixteen (16) in Richards' subdivision to the city of Lincoln, and the Coffman building thereon, recorded at page 267, book of mechanics' lien records, and I hereby authorize my assignee to collect, receipt for, and discharge said lien, and covenant the full amount therein named is due, and said claim and lien is valid, and that there is no set-off or defense thereto or deductions therefrom; *and I will pay in cash any deductions made from said claim of $1,975 in full amount of said deductions.*

"In presence of                    A. H. HUTTON.
   "J. H. MCMURTRY."

The defendant interposes the defense that when he executed the assignment the words contained therein in italics, to-wit, "and I will pay in cash any deductions made from said claim of $1,975 in full amount of said deductions," were not contained in said written assignment, but have been since inserted without the knowledge or consent of the defendant. It is insisted by the plaintiff that the assignment has not been altered and changed, but was in precisely its present condition when signed and acknowledged by the defendant; and further, if the italicized words were interpolated after the execution of the instrument, as claimed by the defendant, the alteration was an immaterial one, and, therefore, the assignment is a valid and binding obligation.

At the trial the defendant testified that when he executed the assignment the words, "I will pay in cash any deductions made from said claim of $1,975 in full amount of said deductions," were not written therein. If they had been he would have seen them, because he read the paper

over before attaching his signature; that he executed the assignment in McMurtry's office.

J. H. McMurtry testified that the defendant came to his office to sell the mechanic's lien, and that witness told him if he would guaranty the amount, as it was in suit, and Coffman, the owner of the premises, said it was not due him, that he would purchase the claim for his principal; that the witness took the assignment to his clerk, Mr. Cecil, who was in an adjoining room, and had him write in the italicized words, when he brought the paper back and presented it to the defendant, who then signed and acknowledged it.

Mr. Cecil was called as a witness for the plaintiff, who testified as follows:

Q. Do you remember the day Mr. Hutton was there to execute this assignment, in your office?

A. Well, I don't remember the day. I remember the circumstance.

Q. Whose writing is this in?

A. It is in my own.

Q. In whose writing are those last two lines above Hutton's signature?

A. In my own.

Q. State whether or not you wrote this other before or after the name of Mr. Hutton was signed.

A. It was written before his signature was attached to the paper.

Q. State the circumstances under which that was written, as you remember it.

A. I had prepared a number of these copies,—that is in blanks, this was before the signing of them,—and had them in a drawer, and Mr. McMurtry came in the office—I occupied the north room and he the south room for his private office—and got one of these blanks and took it into his office, and in a short time came out and asked me to write those lines in there. He dictated as I wrote.

Q. Then what did he do with the paper?

A. He took the paper back in his office, in his private office.

On cross-examination the witness testified that the disputed words were written in the assignment before the defendant's signature was attached.

It will be observed that the evidence bearing upon the question of the alteration of the assignment was conflicting. The veracity of the witnesses was for the jury to pass upon, and they having returned a verdict in favor of the defendant, we must regard as established that the assignment was altered after its execution, although the testimony of the greater number of witnesses is to the effect that the paper is in the same condition now as when it was signed and delivered.

Exceptions were taken by the plaintiff in the court below to the giving by the court on its own motion the following instructions:

"1. The main question of fact to be by you determined from the evidence in this case is whether or not in the written assignment to the plaintiff of A. H. Hutton's mechanic lien against the Coffman block these words, 'and I will pay in cash any deductions made from said claim of $1,975 in full amount of said deductions,' were in said assignment before defendant A. H. Hutton signed and acknowledged the same.

"2. The law is that if a written instrument has been changed or altered in a material matter after its execution without the knowledge or consent of the person executing the instrument, such change or alteration so made renders such instrument nugatory and void.

"3. If you believe from the evidence in this case touching this matter that said words were written in said assignment after the same was executed by defendant Hutton, and so done without his knowledge or consent, then your verdict should be for the defendant.

"4. If you believe from the evidence that said words were in said assignment prior to its execution by said Hutton, then your verdict should be in favor of the plaintiff for the difference between $1,975, the face of the claim, and $1,853.97, the amount found due said Hutton on said mechanic's lien by the decree of this court of date November 13, 1891, to which amount of difference you should add interest at the rate of seven per cent per annum from said 13th day of November, 1891; and if you so find, render your verdict for the amount of said deduction from the face of said lien with the interest thereon as directed."

The giving of each of these instructions is assigned as error in the motion for a new trial and in the petition in error. The second instruction is doubtless correct as an abstract proposition of law, for it has been more than once decided by this court that a material alteration of a written contract after its execution and delivery by one of the parties to the agreement, without the consent of the other, invalidates the instrument, and that no recovery can be had thereon. (*Brown v. Straw*, 6 Neb., 536; *Davis v. Henry*, 13 Neb., 497; *Walton Plow Co. v. Campbell*, 35 Neb., 173.) It is not every alteration of an instrument that will have that effect. If the change is immaterial, or unimportant—that is, one which does not vary the legal effect of the document, or change its terms and conditions—it will be disregarded. An alteration is regarded as immaterial which only expresses what the law implies. The authorities are uniform in support of the rule just stated. (2 Parsons, Contracts, [8th ed.], 720; *Burnham v. Ayer*, 35 N. H., 351; *State v. Dean*, 40 Mo., 464; *Western Building & Loan Association v. Fitzmaurice*, 7 Mo., App., 283; *Hunt v. Adams*, 6 Mass., 519; *Moote v. Scriven*, 33 Mich., 505; *Bridges v. Winters*, 42 Miss., 135; *McKibben v. Newell*, 41 Ill., 461; *Gardiner v. Harback*, 21 Ill., 129; *Krouskop v. Shontz*, 51 Wis., 204; *Gordan v. Sizer*, 39 Miss., 805.) Tested by the rule above stated, were the instructions quoted applicable

Fisherdick v. Hutton.

to the case under consideration? The question was submitted to the jury for their determination, whether or not the words, "and I will pay in cash any deduction from said claim of $1,975, in full amount of said deduction," were added to said assignment subsequent to its execution, and further, if they found that they were so inserted, without the defendant's consent or knowledge, the plaintiff could not recover. The question is, therefore, presented whether the addition of the words referred to constituted a material alteration, for if they did not, it is evident they did not affect the liability of the defendant, and hence the instructions should not have been given. If the added words were eliminated from the instrument, what would be the measure of the defendant's liability? As already stated, the sum claimed in the mechanic's lien assigned to the plaintiff was $1,975, and interest thereon from the 25th day of August, 1890. The defendant did not guaranty the collection of the amount of the debt claimed to be due, on the lien, but, independent of the added words, he covenanted that the full amount therein named is due, and that there is no set-off or defense thereto or deductions therefrom. If the full amount of the claim had been correct and just, then the defendant would have incurred no liability by reason of the covenants contained in the assignment, whether the debt mentioned in the lien was uncollectible or not. But as there was a valid set-off against the claim, the defendant obligated himself to make good any and all deductions, by reason thereof. In other words, the measure of damages was the amount the claim was scaled down by the decree in the suit to foreclose the lien. It is insisted that the interpolated words limit the liability to the difference between the amount of the decree rendered and $1,975. If this contention is well founded, then the defendant is released from all liability by reason of the alteration of the assignment, for an alteration of a written contract, which has the effect to decrease the liability of the obligee, is a material one, and

vitiates the contract. (*Savings Bank v. Shaffer*, 9 Neb., 1.) The alteration of the assignment by the inserting of the words in question did not change the obligation of the defendant as it theretofore existed in any respect. He was still holden to pay the full amount of the deductions made from the claim. This is the plain import of the words added to the assignment after it was executed. It follows that the alteration was unimportant, and did not affect the liability of the defendant. Had the added words been entirely omitted the measure of plaintiff's recovery could have been no more, nor any less. Whether the alteration was material or not was a question for the court. (*Palmer v. Largent*, 5 Neb., 223.) The trial court therefore erred in submitting to the jury the question of the alteration of the assignment.

Complaint is made in the brief of the rulings of the court on the admission of the testimony, as well as the refusing of the instructions requested by the defendant; but the conclusion already reached makes it unnecessary to consider the assignments relating thereto. The judgment is reversed and cause remanded.

REVERSED AND REMANDED.