BLENKIRON BROTHERS, APPELLANT, V. WILLIAM H. ROGERS, APPELLEE.

FILED OCTOBER 22, 1910. No. 16,148.

1. **Contracts: ALTERATIONS : MATERIALTY.** A merely verbal change in a contract that does not vary its meaning in any essential particular, nor affect the liability of the party to be charged thereon, is an immaterial alteration.

2. ———: ———: ———. In a contract for the sale and delivery of grain, the promisee was named "Blenkiron Grain Co.;" the name of the corporation had recently been changed to "Blenkiron Bros., Inc.;" no other substantial change had been made in the corporation or its business, but by mistake the agent of the corporation had used an old blank in which the former name was printed. The promisee upon discovering the mistake corrected it by erasing "Grain Co." and inserting "Bros., Inc." *Held*, An immaterial alteration.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*J. C. Robinson,* for appellant.

*C. B. Willey,* contra.

SEDGWICK, J.

The defendant sold a quantity of grain and made and signed a written memorandum of sale, in which "Blenkiron Grain Co." was named as the purchaser. The contract was delivered to this plaintiff. Afterwards the defendant refused to deliver the grain, and the plaintiff brought this action on the contract. There was a general demurrer to the petition, which was sustained, and the cause dismissed. The plaintiff has appealed.

In the petition the plaintiff alleges that the defendant sold and agreed to deliver to the plaintiff 2,500 bushels of oats, which was agreed upon between the parties, and that a memorandum of sale was reduced to writing and signed by the defendant, "and is now in words and figures follow-

ing." Then followed the memorandum of sale, signed by the defendant, in which the name of the purchaser is "Blenkiron Bros., Inc." The petition then alleges that the plaintiff had been conducting said business as a corporation under the name of "Blenkiron Grain Co." and that a short time before the making of the contract the legal name of plaintiff's corporation was changed from "Blenkiron Grain Co." to "Blenkiron Bros., Inc.," but the "stockholders, officers, managers and the place or places and the general nature of the business transacted by the said corporation, Blenkiron Bros., remained and were the same as in the corporation called 'Blenkiron Grain Co.;'" and that at the time of making the memorandum the plaintiff's agent who prepared the same, by mistake or oversight, used a partly printed blank in which the plaintiff's name was by mistake printed "Blenkiron Grain Co.," and that the mistake in the name of the plaintiff was not discovered until after the memorandum was signed and delivered; that the grain was in fact sold to Blenkiron Bros. as both parties well knew and intended, and "in order to make said memorandum conform to the fact and the real intention of the parties, and for no other purpose, plaintiff caused said memorandum to be changed by erasing the words and letters 'Grain Co.' and inserting in the place thereof the words and letters, 'Bros., Inc.,' in the name of the purchaser as it appears in one place in said memorandum."

Some preliminary questions are presented, but the principal question discussed in the briefs is whether the said change of the name of the purchaser without the knowledge or consent of the maker of the instrument would relieve the defendant from liability thereon. There is an interesting statement of the origin and development of the law in regard to alterations of written instruments in a note under *Woodworth v. Bank of America*, 10 Am. Dec. 239, 267 (19 Johns. (N. Y.) *391), long regarded as a leading case. In that note immaterial alterations are defined to be "such merely verbal changes as do not vary the con-

tract in any essential particular, as by the correction of obvious mistakes, or by inserting words which simply express the meaning of the instrument to be what the law would imply it to be without such words." The author states the following instances: "Inserting the words 'on demand' in a note in which no time of payment is specified, for it is payable on demand without those words (*Aldous v. Cornwell*, L. R. 3 Q. B. (Eng.) *573); correcting the figures in the margin to correspond with the body of the note (*Woolfolk v. Bank of America*, 10 Bush (Ky.) 504; *Smith v. Smith*, 1 R. I. 398); or changing the words in the body to correspond with the marginal figures where the latter are correct and the mistake is accidental (*Clute v. Small*, 17 Wend. (N. Y.) 238); correcting a date, as where a note was dated '1868,' by mistake, the true date being '1869' (*Duker v. Franz*, 7 Bush (Ky.) 273, 3 Am. Rep. 314). In general it is held that where the correction does not alter the legal tenor and effect of the instrument, or affect the liability of a party, it will be considered an immaterial alteration. Thus, where a maker, after indorsement, added 'payable before maturity, and interest on unexpired term, refunded, if so elect,' it was held the indorser was not discharged. *Herrick v. Baldwin*, 17 Minn. 183." The following additional instances in this state may be mentioned: Erasing indorsements of payments from the back of a note which had been indorsed by mistake. *Lau v. Blomberg*, 3 Neb. (Unof.) 124. Removing from a note the following words: "This note is given upon condition." *Palmer & Orton v. Largent*, 5 Neb. 223. Interlining the words: "Interest at 6 per cent. on notes remaining over a year." *Thompson Co. v. Baldwin*, 62 Neb. 530. Indorsing by a notary on the back of a contract an extension of time of payment. *Johnson v. Weber*, 70 Neb. 467. The addition of the name of an additional surety on a promissory note. *Barnes v. Van Keuren & Floyd*, 31 Neb. 165; *Royse v. State Nat. Bank*, 50 Neb. 16. Adding the words: "I will pay in cash any deductions made from said claim of $1,975 in full amount of said

deductions." *Fisherdick v. Hutton,* 44 Neb. 122. And, in other jurisdictions, changing the name of the payee by erasing the initial of the middle name. *Cole v. Hills,* 44 N. H. 227. Inserting the words "or bearer" in a promissory note. *Weaver v. Bromley,* 65 Mich. 212. Changing the name of the payee as written in the note from "Francis E. Derby" to "Franklin Derby." *Derby v. Thrall,* 44 Vt. 413. Changing the name of the payee in a note from the "Providence Steam Pipe & Gas Company" to "Arnold, Barbour & Hartshorn." *Arnold, Barbour & Hartshorn v. Jones,* 2 R. I. 345. And many similar instances cited in 2 Daniel, Negotiable Instruments (5th ed.) sec. 1398, and 2 Cyc. 148.

The case of *Arnold, Barbour & Hartshorn v. Jones, supra,* is very similar to the one at bar. In that case the plaintiffs were doing business in both names, and, after the note had been given in which the payee was named as the Providence Steam Pipe & Gas Company, the note was changed by drawing a line through that name and writing over it the name of the payee as Arnold, Barbour & Hartshorn. This was held not to release the surety on the note, who had not consented to such change. The court discusses the general question somewhat at length and announces a very strict rule avoiding instruments generally on account of alterations, but holds that the case then being considered was not within the rule. The court said: "The plaintiffs were the persons who composed this firm, and they carried on the business of dealing in steam and gas pipes, and no other business, as well in the name of 'Arnold, Barbour & Hartshorn,' as in the name of the 'Providence Steam Pipe & Gas Company,' and this note was given for a debt due to this firm. * * * This state of facts shows that the defendant intended to give this note and become liable to whomever might compose this firm; that this note itself did not designate, nor was it evidence of, the names of the persons who composed this firm. The defendant's liability did not therefore depend wholly upon the evidence which this note afforded,

but upon evidence *aliunde,* upon proof of the names of the individuals who composed this firm, to wit, the plaintiffs. And this alteration and erasure could in no way change or affect this proof.  *  *  *  This evidence tended conclusively to rebut any presumption of fraud and to show the circumstances under which, and the intent and purpose for which, this erasure and alteration were made and their effect upon the liability of the defendant and the claim of the plaintiffs."

In *Barnes v. Van Keuren & Floyd,* 31 Neb. 165, this court said: "It is not every alteration of a promissory note that will discharge the maker. To have that effect the change must be a material one, something either of advantage or detriment to the promisor." In that case the name of a surety was added to the promissory note after it was delivered, without the knowledge or consent of the maker, and it was held that such an alteration will not discharge the maker. In *Fisherdick v. Hutton,* 44 Neb. 122, it is said: "If the change is immaterial, or unimportant—that is, one which does not vary the legal effect of the document, or change its terms and conditions—it will be disregarded."

If the allegations of the petition are true, and they must be so regarded when tested by a general demurrer, we do not see that this alteration in any way affected the liability of the maker of the instrument. It is alleged that the grain was in fact sold to the corporation, plaintiff in this case; that it was so-understood and intended by both of the parties. The principal part of the name was unchanged. After the name of this corporation had been changed from "Blenkiron Grain Co." to "Blenkiron Bros., Inc.," there was no such legal person as "Blenkiron Grain Co." To that extent then the name might be regarded as fictitious, and without doubt when a fictitious name is inserted as promisee in a contract, with the knowledge of both parties, and the contract is so delivered and received as the contract of the parties, to insert the true name would not be a material alteration.

The judgment of the district court is reversed and the cause remanded.

                                                    REVERSED.