84 403
58a 646

## SILAS WYMAN

*v.*

## C. H. YEOMANS.

1. ALTERATION—*in date of promissory note, material.* An alteration in the date of a note and *cognovit,* so as to make the note fall due one year later, is a material alteration, at least, as to a surety on the note.

2. JUDGMENT—*by confession in vacation—opening the same for defense.* Where a note and *cognovit* were executed by one as surety, bearing date in 1875, and the date was, without his consent, afterwards, changed to 1876, and the surety notified the payee to sue on the note after it became due according to its original date, and he failed to do so, and a judgment was afterwards entered upon said note and *cognovit,* in vacation, without notice to such surety, the judgment should be opened and such surety permitted to plead and have a hearing before a jury on the question of whether he is entitled to be discharged by the failure of the payee to bring suit promptly after being notified so to do.

3. PRACTICE—*setting aside judgment by confession rendered in vacation.* The 40th section of the Practice Act, which provides, the court may, in its discretion, before final judgment, set aside any default, and may, during the term, set aside any judgment, upon good and sufficient cause, upon affidavit, etc., has no application to judgments by confession, under a power of attorney or *cognovit,* rendered in the absence of the defendant.

4. JUDGMENT IN VACATION — *courts of law have equitable jurisdiction over.* Courts of law exercise an equitable jurisdiction over judgments by confession under power of attorney or *cognovit,* and it is especially necessary to justice that they should exercise that jurisdiction in cases where the judgment is entered up in vacation.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. POLLOCK & SAMPLE, for the appellant.

Mr. J. R. KINNEAR, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to reverse a judgment of the court below overruling a motion to open a judgment entered in vacation on a note and *cognovit*. The motion was supported by affidavits showing that the dates of the note and *cognovit* had been changed, subsequent to appellant's signing the same, so as to make them bear date one year later than they did when signed; also, that appellant was the surety, only, of one Chenoweth, who was the principal maker of the note, and when he signed it, it was upon the express condition, and so understood and agreed between him and Chenoweth, that the note was not to be delivered to the payee, or become obligatory as a note, until certain other named parties also signed it as co-sureties with appellant, and that the note was delivered to the payee in violation of such understanding and agreement; and, also, that, after the maturity of the note, appellant gave notice to the payee, in writing, to bring suit upon the note at once, which he neglected to do; that the principal was solvent at the maturity of the note, and the amount thereof could have been collected on execution against him, but that at the time judgment was entered, the principal had become, if not entirely insolvent, in a precarious financial condition.

The fact of the alteration is proved by the affidavits of appellant and Chenoweth, and admitted by the affidavit of appellee. The note and *cognovit*, though actually executed on the 5th day of January, 1876, were dated January 5, 1875. It is shown that this was the mistake, in the first instance, of the payee in drafting the instruments—it being so near the change of the year that he had not become accustomed to it, and inadvertently wrote 1875, instead of 1876. It is shown by the affidavits, however, of both appellant and Chenoweth, that, when appellant signed the note, he called attention of Chenoweth to the date it bore, and that, by Chenoweth's

request, he advisedly signed it bearing that date, and he subsequently refused to allow the payee to change the date. The alteration consisted in changing the year of the date from 1875 to 1876. Appellee's excuse for making the alteration is, that, when he purchased the note of the payee, it was spoken of as having been executed in 1876, and that he purchased it, supposing the note was so dated; that, as he was about to prepare the declaration preliminary to obtaining judgment on the note, he observed the last figure in the date was written "in a faded, or light and crooked figure, which looked rather more like a figure 5 than a figure 6;" and that he then, "supposing said note was actually dated January 5, 1876, and that by all of the parties to said note it was considered 1876," * * "without consulting any one, endeavored to make said figure a plain 6," which he supposed it was intended for by the parties signing it, and he drew the declaration accordingly; but he says that, afterwards, and before judgment was entered on the note, on learning from the payee that the note was actually dated 1875 when signed, though by inadvertence, and that appellant had refused to have it changed to 1876, he corrected the date so as to make it as plain a figure 5 as he could, and so declared on it. He only took judgment for interest, in addition to the principal, from January 5, 1876.

How the 5 at the conclusion of the *cognovit* got changed to 6, appellee does not attempt to explain.

That the alteration was material, so far as the surety was concerned, can admit of no controversy. His undertaking, as made, was for a sum then six months past due, but, as the note was altered, it was for a sum due six months afterwards. There might be very cogent reasons why he would be willing to assume one undertaking and not the other.

Appellee's explanation is very suspicious and unsatisfactory. Suppose the date was not very distinctly written, what right had he to make it more legible? He is an attorney at law, and must have known his conduct was inexcusable. His motive, however free from a positive design to do wrong, could not have been entirely laudable or free from censure. Whether,

in view of his subsequent correction in part of the alteration, it should be held to have been immaterial, we will not now decide.

Whatever may have been intended between Chenoweth, the principal, and Clevenger, the payee of the note, when it was agreed between them it should be executed. it is clear, beyond doubt, from the affidavits, there was no mistake in the dates, so far as appellant and Chenoweth were concerned. When appellant signed, he knew that he was signing a note six months past due, and his act of signing was wilful and deliberate. When Chenoweth delivered the note, he knew the note was six months past due, and he could have interposed no defense to an immediate suit upon it. When, therefore, appellant notified the payee to bring suit upon the note, it did not lie in his mouth to set up a defense for the makers that it was not, in fact, due, which they were neither trying to nor could have interposed for themselves.

We think appellant was entitled to have had the suit brought at once, and that if the delay in bringing the suit wrought, or is likely to work, injury to him, he is entitled to be discharged. At all events, he should be allowed to interpose this defense, and have the questions of fact passed upon by a jury, unless he has waived his right.

Appellant shows, in his affidavit, that he had no notice that judgment was rendered against him until after the August term, 1876, of the circuit court had passed, and his motion was made at the next term. This is not successfully contradicted. Appellee says that he is "credibly informed, and believes, that appellant knew, before the August term, that judgment had been rendered;" and Clevenger says he also has good reason to believe, and does believe, that he knew, before the August term, that judgment had been rendered. Upon what this belief is predicated, we are not informed. It amounts, however, but to a belief, and is insufficient to contradict a positive statement of fact. Notice to the attorney named in the *cognovit*, by the fact that he appeared in person

and confessed the judgment, we do not regard as sufficient to cut off appellant's equities in respect to the judgment.

Section 40 of the Practice Act, which provides, "the court may, in its discretion, before final judgment, set aside any default, and may, during the term, set aside any judgment, upon good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable," (Rev. Stat. 1874, p. 780,) has no application to judgments by confession, under a power of attorney or *cognovit,* rendered in the absence of the defendant therein. As to such judgments, it was held, in *Lake* v. *Cook*, 15 Ill. 353, courts of law exercise an equitable jurisdiction, and, as was there said, "it is necessary to justice that courts of law should possess and liberally exercise that jurisdiction." See, also, *Hall* v. *Jones*, 32 Ill. 40. And especially is this necessary where, as here, the judgment is entered up in vacation without the protecting supervision of the court, and without the personal knowledge of the defendant. Numerous cases might be referred to in which the question of setting aside such judgments has been considered, but in none of which was it held, or supposed, the provision in the former statutes analogous to the section above quoted had any application.

A majority of the court think, under the facts disclosed by the affidavits, the motion was made within a reasonable time after the judgment was entered, and that the court erred in not making an order staying proceedings on the judgment as against appellant, and allowing him to plead and have a hearing before a jury on the question of whether he was entitled to be discharged by the failure of the payee to bring suit promptly after proper notice, etc., subject to the result of which the judgment should have been set aside, or made absolute; and, that this may be done, the judgment will be reversed and the cause remanded.

*Judgment reversed.*