# Lesser *v.* Scholze.

*Action on Promissory Note, by Payee against Maker.*

1. *When sworn plea is necessary.*—In an action on a promissory note, a plea averring that the date of the note has been changed since defendant signed it, and that the instrument sued on is not that which he signed, must be verified by affidavit (Code, § 2676); but, if a demurrer to it is improperly overruled, and the plaintiff has judgment, the plea will be considered as properly presenting the defense on appeal by the defendant.

2. *Alteration of date of note.*—An alteration in the date of a note, made after its execution without the knowledge or consent of the maker, is material, whether the day of payment is thereby postponed or hastened; but, when the fact of alteration is apparent on the face of the note, it is presumed to have been made before or at the time of execution, in the absence of any proof of suspicious circumstances.

3. *Same; variance; question for court or jury.*—Where the note sued on is described in the complaint as dated April 25th, and issue is joined on a plea which alleges that the date was altered after the defendant signed it; if the note offered in evidence appears to bear that date, but shows marks of alteration, no question of variance is presented, and the court may instruct the jury what is the apparent date of the instrument, without submitting the question to them.

4. *Waiver of exemptions in note; blanks in printed form not filled up.* When a promissory note is made out on a printed form, which contains a waiver of exemptions, the failure to fill in the blanks left for the insertion of personal pronouns (*I* or *we, my* or *our*) does not affect the validity of the waiver, when the other parts of the instrument show what words ought to be supplied.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

CABANISS & WEAKLEY, for appellant.

LOMAX PITTMAN, *contra.*

McCLELLAN, J.—This is an action by Scholze against Lesser, on a promissory note. The paper is declared on in the first and second counts of the complaint as having been, and it is set out in the third count as being, executed on April 25th, 1884. Five pleas were interposed. Of these, three set up payment, want of consideration, and failure of consideration, respectively. No question relating to these defenses is reserved. The two remaining pleas aver, respectively, "that the date of the instrument sued on has been altered without the knowledge or consent of the makers, since the said instru-

ment was signed," and "that the instrument sued on, when delivered to the plaintiff, possessed a different date from that now appearing on the face thereof, and that the instrument, as it now appears, is not the instrument that was signed by E. Lesser & Co." Neither of the pleas was verified. Both of them should have been. It is to be observed that the note is payable three and one-half months after date. A change in its date, therefore, was necessarily a change in the time of payment, and any unauthorized change in the time of payment of such an instrument is a material alteration, whether thereby payment is delayed or accelerated.—*Inglish v. Breneman*, 5 Ark. 377; s. c., 41 Amer. Dec. 96; *Waring v. Smith*, 47 Am. Dec. 299; *Stephens v. Graham*, 7 S. & R. Pa. 505; *Hamilton v. Wood*, 70 Ind. 306; *Lomax v. Williams*, 32 Ark. 166; *Wyman v. Yeomans*, 84 Ill. 403; *Lisle v. Rogers*, 18 B. Mon. (Ky.) 528; *King v. Hunt*, 13 Mo. 97; *Kennedy v. Bank*, 18 Pa. St. 347. This, on the doctrine, now fully recognized in this court, that any alteration, whether of detriment or benefit to the party objecting, made by other than a stranger, is material and vitiating, which destroys the legal identity of the instrument, causes it, assuming it were genuine, to operate differently than as originally written, or "to speak a language different in legal effect from that which it originally spoke." *Bellenger v. Anderson*, 87 Ala. 334; *Montgomery v. Crossthwait*, 90 Ala. 553, 570. These pleas were, therefore, in legal effect, to say that the instrument declared on was not the instrument signed by the defendant, but that he signed another and different paper; and hence each of them was a plea of *non est factum*, and insufficient to present the issue sought to be raised, for want of verification.—Code, § 2770; *Wimberly v. Dallas*, 52 Ala. 196; *Barclift v. Treece*, 77 Ala. 528; *Campbell v. Larmore*, 84 Ala. 499; *Dexter v. Ohlander*, 89 Ala. 262.

But plaintiff's demurrers to these pleas, based on the infirmity we have been considering, were overruled, and issue taken and trial had upon them. On this appeal, taken by the defendant, they must be considered and treated as presenting the defense which they were intended to present as fully and efficaciously as if they had been duly verified.—*Tuskaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 158.

In the further consideration of the case, it becomes important to note that neither of the pleas in question denies or puts in issue the fact that the paper actually bore date as of April 25th, 1884, as laid in the complaint, but, on the contrary, they assume, and in effect admit that it bears that date, and make this assumption the predicate for the averment of altera-

[Lesser v. Scholze.]

tion. In other words, the plaintiff avers that date, and defendant avers that it has that date by reason of an unauthorized alteration. And the issue tendered and accepted was not as to the fact of that date appearing on the paper, but as to whether that fact resulted from such alteration after execution as would vitiate the instrument. This issue, we assume, was in all respects regularly and properly laid before the jury for their determination by the court, and correctly acted on and determined by them. Whether the note offered in evidence to fill and support the averments of the complaint corresponded with those averments, and as matter of fact bore the date thereby alleged, was a preliminary issue not raised by the pleadings, not capable of being so raised, except it may be by craving oyer of the paper and setting it out, and, hence, not for the jury at all, but addressed solely to the judge on objection to its introduction as evidence, on the ground of a variance between the allegation and the note offered in support of it. We do not gather from this record that there was any formal objection to the introduction of the note on the ground of variance, or that the court was called upon to exclude it from the jury because it did not correspond as to date with the complaint. The recital of the bill of exceptions in this regard is, that "the plaintiff offered in evidence the following paper writing, which is set forth as follows, except the date, plaintiff contending the date was April 25th, and defendant April 15th, 1884" [here the note omitting date is copied, and the recital proceeds], "and proved the handwriting of the attesting witness, and that the attesting witness resided out of the State, and introduced the note in evidence, which was admitted without objection, and rested his case." It is then further recited, "It is not intended herein to state as a fact whether the date is April 15th, 1884, or April 25th, 1884, so as to conclude the parties by such statement, but the original paper will be sent to the Supreme Court for inspection and consideration in connection with the transcript. The note, however, was and is construed by the court to have date of April 25th, 1884." We do not think these recitals show any objection to the introduction of the note in evidence, but the contrary. And conceding that objection was made, no exception to the court's action upon it appears to have been reserved. But, pretermitting these considerations, and passing on the question as if it were properly presented here, we have no hesitancy in reaching the conclusion that, whatever date or dates may have been at other time or times on the paper (and it did bear evidence of alteration in this respect on its face), the date now on it, and which it bore at the time of the trial below, is and

[Lesser v. Scholze.]

was April 25th, 1884; and there was no error in the ruling—if such ruling was indeed made—of the presiding judge that the paper offered was not variant from that alleged in respect of its date.

It is manifest that this preliminary decision of the court could not have had any bearing on the question which the pleadings had submitted to the jury. That was, as we have seen, an entirely different matter. The paper itself bore evidence of alteration. The defendant asserted, and the plaintiff admitted, that the date as originally written had been changed. There was no controversy as to the fact of alteration. But the presumption of law was, in the absence of any ground of suspicion to the contrary, that the alteration had been made prior to, or contemporaneously with, execution.—*Martin v. King*, 72 Ala. 354; *Barclift v. Treece*, 77 Ala. 528. And the real contest was as to the time, with respect to execution, when the alteration was made. It is very clear that the solution of this question did not depend upon, and could not be aided by, any conclusion of the jury as to the date borne by the instrument at the time of the trial. Whether the date so borne was April 25th, or April 15th, the paper was not vitiated by a change from the former to the latter, or *vice versa*, or from any other date to either of these, unless the jury had further found that such change had been made after execution, and without authority. The charge requested by the defendant directed a verdict in his favor, if the jury found that the instrument bore date as of April 15th. This was to inject an issue—an immaterial one—of which there was no hint in the pleadings, into the case by instructions. The charges were well refused.

There is nothing in the position—based on the failure to fill certain blanks left in the printed waiver of exemptions, which is a part of the paper signed, for the insertion of personal pronouns—that the instrument sued on does not contain a waiver of exemptions. Every part of the paper must be given operation and effect; and missing words necessary to this end, suggested by those which appear, may be supplied.

We find no error in the record, and the judgment must be affirmed.