## Agnes B. Jordan v. E. J. Huntington.

1. JUDGMENTS BY CONFESSION—*Vacation of, etc.*—Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorneys.

Judgment by Confession.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

HAMILTON & STEVENSON and ASA Q. REYNOLDS, attorneys for appellant.

DUNCOMBE & NEWTON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment entered, after setting aside, on the motion of the appellant, a judgment in the same case, which had been entered by confession.

The abstract omits the affidavits by which the court was guided in the exercise of the equitable jurisdiction which it possesses as to judgments by confession. Wyman v. Yeomans, 84 Ill. 403.

Those affidavits are partially shown by another abstract prepared by the appellee. But on the whole case it appears that the appellant claims that being indebted to the firm of S. Peterson & Co., in the sum of $593.21, she was induced

by a representative of the firm to give notes dated September 24, 1894, seven for $50 each and one for $243.21, due in one, two, three, four, five, six, seven and eight months after date, bearing five per cent interest, which had warrants of attorney as parts of the text, without her knowledge, and of which she, on her motion to set aside the judgment, complained as a fraud. The action of the court may be conceded to have been informal, and yet not erroneous.

If the court had reduced the judgment to the amount she confessed was due, and ordered that executions should issue only as the notes respectively became due, and then to be indorsed to collect only so much as by the notes was due, she could have had no cause to complain. In effect, that is what has been done. As part of the same order by which the original judgment was set aside, the court entered, on the 20th day of October, 1894, this judgment for $595, with the limitation that upon her failure " to pay said notes and each of them upon the date of their maturity, but not before, plaintiff have execution therefor."

The appellee, we infer, has no interest in this suit, being but an agent of the firm, the notes being indorsed to him only for collection.

The appellant has no reason to complain, and, in fact, does not complain here of injustice, but only of irregularity. The judgment is affirmed.