## J. F. Hoover, et al. v. Thomas L. Holland, et al., Executors.

1. JUDGMENT BY CONFESSION—*power and duty of court with respect to opening.* Courts of law exercise an equitable jurisdiction over judgments entered by confession under a power of attorney or cognovit, and such equitable jurisdiction should be exercised liberally.

2. JUDGMENT BY CONFESSION—*when, should be opened.* Where it appears that the note upon which the judgment was entered was old and had payments indorsed thereon made after the statute had run against it, coupled with a delay of ten years after the death of the payee in entering judgment, the court should open up the judgment.

Judgment by confession. Error to the County Court of Tazewell County; the Hon. GEORGE C. RIDER, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

WILLIAM A. POTTS, for plaintiffs in error.

A. R. RICH, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On July 14, 1899, judgment by confession was entered in vacation, in the County Court of Tazewell County, in favor of defendants in error and against plaintiffs in error for $156.96 and costs, upon two notes and cognovits, one for the sum of $50 bearing date March 18, 1875, payable sixty days thereafter with interest at ten per cent. per annum, and one for the sum of $20 bearing date of November 22, 1875, payable thirty days thereafter, with interest at ten per cent. per annum. Each of said notes bore indorsements, as follows: "Received on the within note five dollars June, 1886. Received on the within as interest $5 this July 16th, 1889." Lawson Holland, the payee in said notes, died July 27, 1889.

At the first law term of the County Court after plaintiffs in error received actual notice of said judgment, they filed their motion to have the same vacated and to be permitted

to plead to the merits of the action. The court denied the motion, and this writ of error is prosecuted to reverse such ruling.

Courts of law exercise an equitable jurisdiction over judgments entered by confession under a power of attorney or cognovit, and such equitable jurisdiction should be exercised liberally. Condon v. Besse, 86 Ill. 159; Wyman v. Yeomans, 84 Ill. 403.

The facts disclosed by the affidavit of George Holland, who appears to be a competent witness, together with such as appear upon the face of the record—the antiquity of the notes, the indorsements thereon of payments, purporting to have been made after the statute had run as a bar, and the delay of ten years after the death of the payee, in entering up the judgment—should have appealed irresistibly to the court to grant the motion and allow appellants to plead and make their defense upon the merits.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*