F. C. PUCKETT, *Appellee*, v. A. R. HETZER, *Appellant, and* JACOB BAEHLER *et al., Appellees.*

No. 16,582.

SYLLABUS BY THE COURT.

NAMES—*Idem Sonans—Notice by Publication—Default Judgment.* A default judgment quieting title, based upon service made by publishing a notice which states the defendant's name as Joseph Remer, is valid against Joseph Renner.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed June 11, 1910. Affirmed.

*H. O. Trinkle,* for the appellant.

*Arthur H. Shay,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: In April, 1903, F. C. Puckett took judgment by default quieting his title to the land in controversy. Service was obtained by publication. The proceedings, including the notice, gave the defendant's name as Joseph Remer. In July, 1908, A. R. Hetzer obtained a quitclaim deed of the land from Joseph Renner, and in August following moved to vacate the judgment as void so far as it affected the interest of his grantor. The motion was denied, and Hetzer appeals.

The notice only need be considered. If the proper party were duly served other mistakes are inconsequential. Where service by publication is undertaken the notice must state the name of the party to be served, and the question is whether the name Joseph Remer, appearing in a printed notice of that character, looks enough like, and when pronounced sounds enough like, Joseph Renner to stand for the same person. Perfect orthography is not required. Perfect identity of sound is not required. Grant that there is

some orthoëpical standard in existence, pronunciation modeled after it will vary in different localities, with different individuals in the same locality and with the same person at different times, and practical similarity is all that can be insisted upon.

The appellant founds his argument upon a book rule that "e" has its long sound when it ends an accented syllable. From this he concludes that the name in the notice must be pronounced Rē'-mer. The argument fails for these reasons: No law of syllabification is cited which prevents the letter "m" from forming a part of the first syllable of this proper name. If there be such a law the court is not bound to obey either it or the cited rule in determining the question propounded, and greater latitude is indulged in the pronunciation of proper names than in any other class of words. (*State Bank v. Kuhnle,* 50 Kan. 420.) This being true, the appellant is bound to take into account the pronunciation Rĕm'-er.

The letters "m" and "n" are pronounced with continuous nasal tones, the only difference being in the way the oral passage is obstructed to force the air through the nose. There is much similarity in sound even when pronounced with care, and, leaving out of account all slovenliness, they are frequently confused because of differences in the shape and structure of the organs of speech in different persons, differences in the degree of perfection with which those organs are used, differences in stress and differences in rapidity of enunciation. The doubling of the letter "n" in Renner has no marked effect on the sound of the word, no more than the doubled "t" in ditty, as compared with city, in ordinary speech. In both Remer and Renner the voice glides from the common vowel "e" into the nasal tone without any break, and then passes smoothly to the same final "er," thus contributing much to identity. On the whole the difference is so slight and the

resemblance so strong that a case of *idem sonans* in law is made out.

The appellant refers to the decision in *Entrekin v. Chambers,* 11 Kan. 368, wherein it was held that Brimford and Binford are not *idem sonans.* It is plain, however, that the buzzing "r" was the principal factor in destroying similarity of sound and not the substitution of "m" for "n." If the two words had been Bimford and Binford, the decision would doubtless have been different.

Besides what has been said in reference to sound, the appearance of the printed words "Joseph Remer" was enough like that of Joseph Renner to put a fairly prudent person on guard against a clerical or typographical error. Much mail has been opened without hesitation when the divergence from correct orthography was much greater.

The judgment of the district court is affirmed.