# Yancy *v.* Gordon.

## *Assumpsit.*

(Decided Feb. 17, 1911.   55 South 239.)

1. *Pleading; Specialty; Non Est Factum.*—Under section 3967 Code 1907, a verified plea denying the execution of an instrument sued on in its altered condition and without recognition of its changed character, shifts the burden to plaintiff as in ordinary cases.

2. *Alteration of Instruments; Pleading; Evidence.*—Where the action is in debt on a specialty, and the defendant by verified plea denies the execution of the instrument, and sets out the material features of the instrument, the defendant may offer evidence to show the materially altered condition of the instrument after signing, and to do so may show the real agreement between defendant and plaintiff's admitted agent, within the res gestae of the transaction.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by Hamilton Yancy, Jr., against M. Gordon.   Judment for defendant, and plaintiff appeals. Affirmed.

HUGH REED, for appellant.   A plea of non est factum puts in issue the fact of execution only.—5 A. & E. Ency. P. and P. 924.   There was no plea of alteration, hence the court erred in admitting evidence as to what was said relative to the agreement.—*Home Protection v. Widden,* 103 Ala. 203; *Singer Mfg. Co. v. McLain,* 105, 317.   Even a general agent cannot warrant or guarantee without express authority.—*Troy Grocery Co. v. Trotter,* 139 Ala. 359; *Herring v. Skaggs,* 62 Ala. 180.   One who deals with an agent must ascertain the extent of his authority.—*Cummins v. Beaumont,* 68 Ala. 204; *Ladd v. Shattock,* 90 Ala. 134.

CONNER & LUMPKIN, for appellee.   The affirmative charge was properly refused.—*Holaday v. Rutledge,* 39

South. 613; *Peters v. So. Ry. Co.*, 135 Ala. 533. The testimony was properly permitted under the plea.— *Holman v. Calhoun*, 40 South. 156.

McCLELLAN, J.—The action was stated in two counts: The first, in debt on a specialty; and the second, on account for service of a stallion to defendant's mare. There were three pleas interposed. The first averred that the contract declared on in the first count was not signed by defendant, or by any agent for him. The second alleged, in substance, that the service of the stallion was warranted to result in the foaling of a colt that would "stand on its feet and suck," and avers a breach thereof. The third alleged that defendant owed plaintiff nothing on the contract sued on.

The first plea, in substance non est factum, put in issue the illegal alteration of the instrument after signing. The first count set out the material features of the written contract declared on, and, if illegally altered, as defendant asserted in evidence, the instrument introduced in evidence was materially different from that signed. In *Lesser v. Scholze*, 93 Ala. 338, 9 South. 273, the action was on a promissory note. Two special pleas were interposed, setting up, in effect, that there had been a material alteration of the instrument after signing, and that the instrument sued on was not that executed by the defendant. These pleas were not verified, and demurrers pointed out the infirmity. They were overruled. After pronouncing the change in date to have been a material alteration, the court said: "These pleas were therefore, in legal effect, to say that the instrument declared on was not the instrument signed by the defendant, but that he signed another and different paper; and hence each of them was a plea of non est factum, and insufficient to present the issue

sought to be raised, for want of verification." While the alteration was specially pleaded in the cited decision, the court pronounced the legal effect of the pleas to have been that of non est factum, and subject to the provision of Code, § 2770 (now section 3967), in respect of verification.

The editors of Cyc. and of the Encyclopedia of Pleading & Practice appear to have taken a different view from that approved by this court in Lesser v. Scholze, supra, 13 Cyc. p. 418; 5 Ency. Pl. & Pr. pp. 923, 924. Yet in 2 Cyc. pp. 227-229, dealing with the subject of pleading alteration, numerous adjudications are digested, and the text appears to take a distinction between the case where the plaintiff declares on an instrument that he shows has been altered, and a case where he declares on the altered instrument without recognition in his pleading of the fact of alteration. There is much refined learning on the subject; but, since this court has taken the view stated in Lesser v. Scholze, supra, we will and do regard the question as settled. So we hold that, on verified plea denying the execution of the instrument sued on in its altered state and without recognition of its changed character, the burden is shifted to the plaintiff, as in ordinary cases.—Lesser v. Scholze, supra; Code, § 3967.

Accordingly the defendant was entitled to offer evidence tending to show the materially altered condition of the instrument after signing; and to do so testimony tending to show the real agreement between defendant and plaintiff's admitted agent, in all respects within the res gestae of the transaction, was admissible. Hence the court did not err in admitting the several items of evidence made the basis of error assigned.

The result of the action was to be cast upon the finding on the issue whether the contract declared on was

that entered into by defendant with plaintiff's agent. If not so, the plaintiff could not recover.

The motion for new trial was well overruled. No such diligence in respect of the newly discovered evidence as is requisite to justify a new trial was shown.

No error appearing, the judgment must be affirmed. Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur in conclusion.