Submitted on briefs November 13, reversed December 4, 1917.

## PALOMAKI v. LAURELL.*

(168 Pac. 935.)

**Appeal and Error—Presumptions—Evidence—Absence of Altered Instrument.**

1. A note not having been brought up with bill of exceptions, and plaintiff having testified that it had not been altered after delivery to him, it must be taken for granted that no error was committed by failure to require payee to account for an alteration as required by Section 811, L. O. L.

---

*For authorities passing on the question as to effect of alteration of date of note, see notes in 32 L. R. A. (N. S.) 515; 51 L. R. A. (N. S.) 346.                                    REPORTER.

Alteration of Instruments—"Material Alteration"—Time of Payment.

2. An alteration in the specified maturity of a promissory note, whether the time of payment is thereby curtailed or extended, is material.

[As to alteration of bills and notes after execution, see note in 7 Am. Rep. 669.]

Alteration of Instruments—Effect.

3. An unauthorized material change in a note by a party to it avoids the note, but an unimportant alteration does not affect its validity.

Alteration of Instruments—Material Alteration—Question for Jury.

4. Whether a change is material is to be determined by the court, but when the alteration was made is a question for the jury.

Alteration of Instruments—Evidence of Alteration—Admissibility Under General Denial.

5. Under Section 73, L. O. L., requiring an answer to contain a general or specific denial of each material allegation of the complaint, and a statement of any new matter constituting a defense, or counterclaim, evidence that the note sued on had been altered without the knowledge or consent of the answering defendant was material and admissible under general denial.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

The material averments of the complaint herein are to the effect (I) that Isaac Pajunen executed to the plaintiff a promissory note, of which the following is a copy:

"$200.00.              Astoria, Ore., July 20th, 1914.

"1 year after date, I promise to pay to the order of J. P. Palomaki, Nasel, Wash., two hundred and no-100 dollars, for value received, with interest after date at the rate of 6 per cent per annum, payable when due. Principal and interest payable in U. S. Gold coin at Astoria, Ore., and in case suit or action is instituted to collect this note or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorneys fees in said suit or action.

"Due July 20, 1915.

                    "(Signed) ISAAC PAJUNEN."

(II)   That prior to the delivery of this instrument the defendants Oscar Laurell and T. Tillikainen, in order for the maker to secure credit with the payee, subscribed their names on the back of the note, beneath a written statement which reads: "We guarantee the payment of this note"; (III) that plaintiff is the owner and holder of the note and when it matured on July 20, 1915, he presented it to Pajunen who then refused to pay the same, whereupon the plaintiff immediately notified the defendants of such dishonor, and presented to them the note and demanded payment thereof, but each refused and ever since has failed and neglected to pay the note or any part thereof; (IV) that $50 is a reasonable sum as attorney's fees; and (V) that no part of the note has been paid.   Judgment was demanded for the amount of the note and $50 as attorney's fees.

A part of the verified answer reads:

"Comes now the defendant T. Tillikainen, and by this his answer to plaintiff's complaint herein, admits, denies and alleges as follows: (I) Denies each and every, all and singular, the allegations and averments contained in paragraph I of plaintiff's said complaint, and the whole thereof."

The answer contains five clauses, each of which controverts a corresponding part of the complaint in the identical language last quoted, except as to the paragraph of the initiatory pleading to which reference is made.   Based on these issues the cause was tried and the jury were directed to return a verdict in plaintiff's favor for the amount of the note and $35 as an attorney's fee.   From a judgment rendered in accordance therewith Tillikainen appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED.

For appellant there was a brief over the the name of *Messrs. Anderson & Erickson.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse.*

Mr. Justice Moore delivered the opinion of the court.

1. The plaintiff as a witness in his own behalf having testified that no change had been made in the note since it was delivered to him, his counsel was permitted to offer the negotiable instrument in evidence over objection and exception that it had seemingly been altered, thereby requiring the payee to explain its appearance. It is contended that an error was committed in this particular. The statute governing the introduction of such evidence reads in part:

"The party producing a writing as genuine which has been altered, or appears to have been altered, after its execution or making, in a part material to the question in dispute, shall account for the appearance or alteration": Section 811, L. O. L.

Though the note was received in evidence it has not been brought up with the bill of exceptions, and hence its appearance cannot now be determined. The plaintiff having testified that no alterations had been made in the writing after it was delivered to him, it must be taken for granted that no error was committed in this respect.

The counsel for the answering defendant undertook to show by the testimony of his client and that of other witnesses, that when the note was signed by the parties the figure "2" was placed before the word "year" to indicate the length of time during which the specified sum of money was to have been loaned; that when the note so signed was offered to the plaintiff he re-

fused to accept it or to make the loan for a longer time than one year, whereupon the maker, Isaac Pajunen, with the plaintiff's knowledge and consent, erased the figure "2" and inserted the figure "1" as noted in the copy hereinbefore set out, and wrote at the bottom of the note the words and figures: "Due July 20, 1915," and thereupon the negotiable instrument was accepted by the plaintiff without the indorsers' knowledge or consent to such alteration. The court, however, refused to receive such testimony on the ground that it was immaterial under the general denial contained in the answer, and that such sworn statements were inadmissible except upon a special averment of the change in the note.

2–4. An alteration in the specified maturity of a promissory note, whether the time of its payment is thereby curtailed or extended is material: Eaton & Gilbert, Com. Paper, 562; Joyce, Defenses to Com. Paper, § 154; Randolph, Com. Paper (2 ed.), § 1758; 2 C. J. 1173; 1 R. C. L. 978, § 11. An unauthorized material change in a written instrument by a party to it avoids the document, but an unimportant alteration thereof does not affect its validity: *Builders' Lime etc. Co.* v. *Weimer,* 170 Iowa, 444 (151 N. W. 100, Ann. Cas. 1917C, 1174). Whether or not a change is material is to be determined by the court, but when the alteration was made is a question for the jury: *Wicker* v. *Jones,* 159 N. C. 102 (74 S. E. 801, Ann. Cas. 1914B, 1083, 40 L. R. A. (N. S.) 69).

In this state an answer is required to contain a general or specific denial of each material allegation of the complaint, and a statement of any new matter constituting a defense or counterclaim: Section 73, L. O. L. "The defense of alteration," says Mr. Justice NORVAL in *Walton Plow Co.* v. *Campbell,* 35 Neb. 173, 175 (52

N. W. 883, 16 L. R. A. 468), "was not new matter required to be set up in the answer." In *Fairhaven* v. *Cowgill*, 8 Wash. 686, 688 (36 Pac. 1093), Mr. Justice Stiles, referring to a statute of the State of Washington regulating defenses, observes:

"While it is true that under the Code, facts are to be pleaded, it is also true that the same Code recognizes and provides for denials, both general and specific. A general denial under the Code is scarcely recognizable from the plea of the general issue at common law, and the same kind of proof is admissible under the one as under the other."

A text-writer in speaking of the manner of setting forth in an answer an unauthorized material change in a written instrument by a person not a party to it, remarks:

"The defendant may set up the alteration of a bill under a plea of general issue. But if the declaration is upon the instrument as originally drawn, the alteration should be specifically pleaded": Randolph, Com. Paper (2 ed.), § 1783.

It is impossible to reconcile the conflicting decisions as to whether or not evidence of a material alteration of a written instrument can be received under a general denial, or whether in order to render such evidence admissible, the answer must specifically set forth the particular change in the document which it is alleged rendered it invalid. In a note to the case of *Yancy* v. *Gordon,* 172 Ala. 439 (55 South. 239, Ann. Cas. 1913E, 251, 252), in adverting to what is considered to be the majority rule, which renders evidence of a material alteration of a writing admissible under a plea of *non est factum,* it is said:

"Most of the earlier decisions dealing with the subject are to the effect that in an action on a written in-

strument the fact that it has been altered need not be pleaded specially by the defendant.''

At page 257 of the volume, in speaking of what is designated to be the minority rule on this subject, it is remarked:

''Some courts have adopted the rule that in order to avail himself of the defense that the instrument has been materially altered, the defendant must plead the alteration specially.''

It is unnecessary to set forth or advert to any of the decisions that sustain either the majority or the minority rule, for many of them are stated in the notes to the case last mentioned: See on this subject the cases of *Draper* v. *Wood,* 112 Mass. 315 (17 Am. Rep. 92); *Palmer* v. *Poor,* 121 Ind. 135 (22 N. E. 984, 6 L. R. A. 469); *Kurth* v. *Farmers & Merchants' State Bank,* 77 Kan. 475 (94 Pac. 798, 127 Am. St. Rep. 428, 15 L. R. A. (N. S.) 612).

5. We adopt, however, the majority rule and hold that the answer herein is sufficient, and that the testimony offered by the answering defendant to show that material changes had been made without his knowledge or consent in the promissory note after he signed it, was material. For the errors committed in directing a verdict for the plaintiff and in rejecting the offer of proof so made by the answering defendants, the judgment is reversed and a new trial ordered.

REVERSED.