Bennett v. Winegar.

---

JOHN M. BENNETT, APPELLEE, v. ASEPH W. WINEGAR, APPELLANT.

FILED NOVEMBER 1, 1919. No. 20480.

1. **Mortgages:** APPLICATION FOR DEFICIENCY JUDGMENT. An application for a deficiency judgment that is treated as a continuation of the original mortgage foreclosure action does not come within the meaning of section 8257, Rev. St. 1913, which provides that such proceeding must first be authorized by the court.

2. **Names.** Under the rule of *idem sonans*, the name "Asa W. Winegar," when used in a notice of service by publication in a foreclosure action, is sufficient to confer jurisdiction upon the court to determine the rights of one whose real name is "Aseph W. Winegar."

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*E. J. Clements* and *A. L. Chase,* for appellant.

*Fawcett, Mockett & Walford* and *W. T. Thompson,* contra.

Dean, J.

This is an application to recover a deficiency judgment in a foreclosure case on a second mortgage, owned by plaintiff; the first mortgage and costs only having been paid from the proceeds of the sale under execution of the mortgaged real estate. In this proceeding plaintiff recovered "$1,821.74 as a deficiency judgment." Defendant Winegar appealed.

These are the facts in brief: In July, 1913, Edward P. Bennett was the owner of the real estate in suit, on which the Security Investment Company, hereinafter called the company, held a first mortgage of $3,000, and John M. Bennett held a second mortgage of $1,500. In the same month A. W. Winegar bought the real estate from Edward P. Bennett, and as a part of the purchase price Winegar assumed and agreed to pay both mortgages, but failed to do so. Soon thereafter Winegar left the state and became a resident of Colorado. In May, 1914, John M. Bennett began a suit to foreclose his second mortgage, but did not make the company a party. Service in that case was had on Winegar by publication. In September following the company began a separate action to foreclose its first mortgage. Later the actions were consolidated, tried together, and, the priority of liens being established, the mortgaged property was sold by the sheriff under execution, and, as noted, the first mortgage lien and costs only were satisfied. Subsequently John M. Bennett, having recovered no part of his mortgage debt, began an independent action against Winegar to recover a deficiency judgment; personal service being obtained on him in Lancaster county. Winegar moved to have the suit transferred from the equity to the law docket. His motion was overruled, the court properly treating the proceeding as a continuation of the original foreclosure case.

Defendant Winegar contends that in view of section 8257, Rev. St. 1913, Bennett could not maintain an in-

dependent action for the recovery of a deficiency judgment without leave of court; but the court having treated the proceeding as a continuation of the original foreclosure case, we think his objection is without merit.

Defendant also argues that the notice of the foreclosure suit by John M. Bennett was defective, in that the published notice named "Asa W. Winegar" as a defendant. He maintains that his name is not "Asa," but "Aseph," and that the court did not therefore acquire jurisdiction to foreclose him of his rights. Considerable testimony was taken on this point, but it seems to be clearly established that in his boyhood days and young manhood Winegar was known as "Asa." It was disclosed that his name appeared in the city directory for 1915 as "Asa." In his answer, in the present proceeding, in which he appeared generally, and in a motion filed by him, his name appears in the caption as "Asa." The answer refers to him repeatedly by that name. While the court found specifically that his real name was "Aseph," we do not count this a matter of importance, because the difference in the pronunciation of "Asa" and "Aseph" is so slight that one can scarcely tell from the pronunciation which name the speaker is using. We see no reason why the rule of *idem sonans* should not apply to a case involving service by publication. *Kuhn v. Kilmer*, 16 Neb. 699; *Clifford v. Thun*, 74 Neb. 831, citing *Lane v. Innes*, 43 Minn. 137; 19 R. C. L. pp. 1334, 1335, secs. 12, 13. In *Puckett v. Hetzer*, 82 Kan. 726, it is said: "Perfect identity of sound is not required." Under the circumstances of the present case, we do not think the variation is sufficient to void the service.

Finding no reversible error, the judgment is

AFFIRMED.