BANK OF CEDAR BLUFFS, APPELLEE, V. E. J. BECK, APPELLANT.

FILED JANUARY 16, 1935. No. 29103.

*William Niklaus* and *J. E. Mockett,* for appellant.

*Hendricks & Kokjer* and *F. C. Radke, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

PAINE, J.

This was a law action on a promissory note. The defense was alteration. Verdict for plaintiff, on which a judgment was entered.

There were three causes of action set out in the petition on three promissory notes. There was no issue on the first two. As to the third, the petition set out a copy of a demand note for $1,820, dated May 15, 1931, bearing interest at 8 per cent. It was alleged that nothing had been paid thereon except the interest to March 31, 1932.

In the amended answer the defendant admits the execution and delivery of an instrument similar to said note, but alleges that the same has been materially altered by writing over the signature of the defendant the words "Due 11.15.31," without the knowledge or consent of the defendant.

The note, exhibit A, reads as follows:

"Cedar Bluffs, Nebr., May 15, 1931. No. 44897
Due 11.15.31

"On demand after date, we or either of us, jointly and severally, promise to pay to the Bank of Cedar Bluffs, Cedar Bluffs, Nebr. or order Eighteen Hundred Twenty & no dollars, $1,820.00 for value received, payable at the Bank of Cedar Bluffs, Cedar Bluffs, Nebraska, with interest payable annually at the rate of 8 per cent. per annum from date and ten per cent. per annum after maturity. The makers, sureties, indorsers and guarantors of this note hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest and consent that time of payment may be extended without notice thereof. Every signer and indorser of this note guarantees its payment and waives demand, notice

and protest and each and every maker or indorser hereby charges his own personal and separate estate with the payment of this note.

"Secured by——————                     E. J. Beck

"Post Office—Fremont R. 4."

The note, exhibit A, shows, and the evidence indicates, that it was drawn up by filling in a number of blanks in violet ink, and the date put in with a rubber-stamp dater.

N. O. Walther testified that he was cashier of the plaintiff bank, and that, after the note was signed by the maker, one of the employees put it in the typewriter and wrote in the due date, for the reason that the rules of the banking department of Nebraska required that a demand note come due in six months.

It appears from an examination of the note itself that there has been filled in on the typewriter, "44897," being the number of the note in the bank's discount register. In front of the line just under this appears the printed word "Due," and in that line appear the figures "11.15.31," filled in by the typewriter. The printing in of these figures on the typewriter, after the note was signed by the defendant, is alleged in the answer to have materially altered this note, the note being simply payable on demand, and the alteration changing it to a note payable in six months.

An instruction was offered by the defendant reading as follows: "You are instructed that it is admitted by the plaintiff that the typewritten figures appearing on exhibit A after the printed word 'Due' were placed on said exhibit by the plaintiff after the note in question was executed and without the knowledge or consent of the defendant. You are instructed that such is a material alteration and destroys the validity of the note, your verdict should be for the defendant on the third cause of action."

The court refused this instruction, which ruling is one of the errors alleged.

1. Defendant relies upon the first part of section 62-806, Comp. St. 1929, reading as follows: "Where a nego-

tiable instrument is materially altered without the assent of all parties liable thereon it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers;" and also upon our statute defining material alteration, as follows: "Any alteration which changes: First. The date; Second. The sum payable, * * * or any other change or addition which alters the effect of the instrument in any respect, is a material alteration." Comp. St. 1929, sec. 62-807.

There is no dispute in the evidence that, when the clerk entered this note upon the discount register, he inserted it in the typewriter and added the proper number, and then a date showing that it would mature six months from date, and the defendant cites us to the case of *Brown v. Straw,* 6 Neb. 536, in which a note was dated September 13, 1874, when it was signed, and changed by the holder to September 11, 1874, without the consent of the maker, which was the true and actual date on which the note had been signed, but by error of both parties it had been dated the 13th. Judge Maxwell held that the note had been altered in a material part, and the maker was discharged. It may, therefore, be conceded that if the time of maturity or the date of a note is altered, whether the time of payment is curtailed or extended, it is a material alteration, and releases the maker.

A material change in a note is one that causes it to speak a language different in legal effect from that in which it originally spoke. It has been held that an alteration of a note is material if the change enlarges or lessens the liability of the maker thereof without his consent. *Palomaki v. Laurell,* 86 Or. 491; Brannan, Negotiable Instruments Law (5th ed.) sec. 125; *Gray v. Williams,* 91 Vt. 111; *Inglish v. Breneman,* 5 Ark. 377, 41 Am. Dec. 96.

2. In the case at bar, the insertion of a maturity date, which was required by the banking department rules, did not affect in any way the terms of the note. It was, in fact, simply a memorandum to advise the bank by what date a renewal demand note should be taken. This mar-

ginal notation was in no sense an alteration of the legal obligation of the maker, for it did not in any way affect the rights or liabilities of the parties or either of them.

A case very similar to the one at bar is *Whittier v. First Nat. Bank,* 73 Colo. 153, in which case a note, made payable on demand, was marked due "2/29/19." The bank's cashier recollected afterward that the year 1919 was not a leap year, and changed the figures to "3/1/19." It was held that this change on the part of the cashier after the note was signed did not vitiate the note, as it would have been construed in accordance with the change that the cashier made. Other cases supporting this view are: *Fisk & Co. v. McNeal,* 23 Neb. 726; *Clem v. Chapman,* 262 S. W. (Tex. Civ. App.) 168; *Bland v. Fidelity Trust Co.,* 71 Fla. 499; *Fisherdick v. Hutton,* 44 Neb. 122; *Danforth v. Sterman,* 165 Ia. 323; *Fisher v. Dennis,* 6 Cal. 577, 65 Am. Dec. 534; *Bank of Lauderdale v. Cole,* 111 Miss. 39; *Gray v. Williams,* 91 Vt. 111; *Donnybrook State Bank v. Corbett,* 37 N. Dak. 87; *Reed v. Watson,* 262 S. W. (Tex. Civ. App.) 178.

It is clear that, had the date added in the marginal notation been entirely omitted, plaintiff's recovery could have been no more or no less.

We have carefully examined the record, and, finding no prejudicial error therein, the judgment is hereby

AFFIRMED.