HAROLD G. STRASSER, APPELLANT, v. L. N. RESS, FIRST AND REAL NAME UNKNOWN, DIRECTOR OF MOTOR VEHICLES, APPELLEE.

87 N. W. 2d 619

Filed January 24, 1958. No. 34301.

*Shotwell, Vance & Marchetti* and *Peter E. Marchetti,* for appellant.

*Clarence S. Beck,* Attorney General, and *Cecil S. Brubaker,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee on August 31, 1956, revoked the license of appellant authorizing him to operate a motor vehicle in

this state for 1 year from July 3, 1956, because appellee believed that appellant had accumulated more than 12 points within the period commencing with November 18, 1954, and continuing through July 3, 1956. Appellant prosecuted an appeal from the action of appellee within the time and in the manner provided by law to the district court for Douglas County. Appellant filed an amended petition on which the case was heard and disposed of in that court. Appellee interposed a general demurrer thereto. It was sustained and a judgment of dismissal of the cause was rendered. This appeal is from the action of the trial court.

The substance of the parts of the amended petition relevant to this appeal is as follows: Appellant was holder of license No. J 8 17072 issued by the state authorizing him to operate a motor vehicle therein. Appellee made an order August 31, 1956, revoking the license of appellant for the period of 1 year from July 3, 1956, and appellant appealed therefrom to the district court for Douglas County, the county of his residence, within the time and in the manner permitted by law. The name of appellant has been and is Harold G. Strasser and he has not used or been known by the name of Strassen or Harald G. Strassen. The action of appellee in revoking the license of appellant is contrary to law, is in excess of his power, and is void because appellee (a) exceeded his authority in assessing 3 points against appellant for the offense of speeding on the basis of a purported certified judgment of conviction of the county court of Custer County because the alleged copy of the record of that court was not authenticated by the judge of the court or at all, as required by law; (b) exceeded his authority in assessing 3 points against appellant for the offense of speeding on the basis of an abstract of the record of a justice of the peace court of Central City showing a conviction of Harald G. Strassen for the offense of speeding but the abstract did not purport to show the operator's license number or

the motor vehicle license number of Harald G. Strassen but it did recite that neither of them was obtained; (c) materially changed and altered the said abstract of conviction of Harald G. Strassen by inserting therein the operator's license number and the motor vehicle number of Harold G. Strasser; and (d) exceeded his authority by assuming to exercise discretion in changing and altering the abstract of conviction of Harald G. Strassen above described and by assessing 3 points because thereof and thereunder against appellant. The relief sought was an order vacating the revocation order and restoring the driver's license.

The brief of appellant says that appellee assessed 3 points against appellant for the offense of speeding upon a judgment of the county court of Custer County which "bears no seal of the court purporting to have issued it * * *." There is no identical allegation of that in the amended petition. It alleged a conclusion that appellee exceeded his power in charging appellant 3 points for the offense of speeding on a purported certified copy of the judgment of the county court of Custer County "which purported certificate is not authentic as being in compliance with statutory requirements relating thereto." This part of the pleading was indefinite, ambiguous, and alleged no issuable fact. The effect of the asserted absence of the seal from the certification is not discussed in the brief of appellant. The county court is a court of record. The statute requires the clerk of a court of record to certify to appellee any record of conviction therein which is within the reach of the point system of the state. § 39-795, R. S. Supp., 1955. The statute is silent concerning the use of a seal in making the certification. There is no statute which requires all acts of the county court or the judge or clerk thereof to be attested by the seal of the court. It is generally provided by section 24-540, R. R. S. 1943, that: "Every record made in any county court, excepting original orders, judgments and decrees thereof,

shall have attached thereto a certificate signed by the judge of such court * * * and it shall not be necessary to call such judge or his successor in office to prove such record so certified. And in any cause, matter or proceeding in which the court or judge has jurisdiction, and is required to make a record not provided for in sections 24-501 to 24-553, such record shall be certified in the same way and with like effect as aforesaid." Here again the specified verification is a "certificate signed by the judge" and no mention is made of a seal. A dependable authority asserts that the seal of the officer is not essential to the certificate in the absence of a statute requiring the certificate to bear such a seal. 20 Am. Jur., Evidence, § 1039, p. 876. See, also, Belford v. Scribner, 144 U. S. 488, 12 S. Ct. 734, 36 L. Ed. 514; Annotation, Ann. Cas. 1912C 942. The absence of a seal from the certification made to appellee by the county court of Custer County was not fatal to the effectiveness of it.

The abstract of the record of a conviction for speeding in a justice court at Central City was made and delivered to appellee by the justice of the peace. It named the person who was convicted as Harald G. Strassen. Above a line therein following the printed words "Operator's License No." there were written in typewriting the words "Not Obtained." Above another line therein following the printed words "Vehicle License No." and immediately below the typewritten words "Not Obtained" were ditto marks. Appellant by his pleading says that his name is Harold G. Strasser and that he has never used or been known by any other name; that he has never used or been known by the name of Strassen and that this is also true as to the name Harald G. Strassen; that there is no identification in the certificate of conviction of Harald G. Strassen or otherwise that he was or is the same person as Harold G. Strasser; and that the act of appellee in assessing 3 points against appellant because of the conviction of

Harald G. Strassen was unauthorized and illegal and could not contribute to or be a basis for the revocation of the license of appellant to operate a motor vehicle. This involves some consideration of the doctrine of idem sonans. These words translated into English mean having the same sound. Because of the arbitrary orthography or pronunciation given to proper names and the variant spelling of names, courts have formulated the doctrine of idem sonans. The use of the name is merely to designate the person intended and that object is fully accomplished when the name given to him has the same sound as his true name. Hence the law treats a mistake in the spelling of the name of a party as immaterial if both modes of spelling have the same sound. Some jurisdictions recognize that the test for determining if names are idem sonans is whether although spelled differently, the attentive ear finds difficulty in distinguishing the two names when pronounced. Others disregard the sound of the names and predicate their conclusions solely on appearance if the names involved are written or printed. A still further class of adjudications takes a modified view that if the name as published both appears and sounds similar to the real name, then the doctrine is applicable. It is profitless to attempt to cite or analyze the cases which have considered this doctrine. They are very numerous, irreconcilable, and inconsistent. Some decisions conclude that certain names are within the doctrine while other courts, sometimes in the same jurisdiction, refuse to apply the rule to similar names which are indistinguishable. Bennett v. Winegar, 103 Neb. 843, 174 N. W. 512; Black's Law Dictionary (DeLuxe 3d Ed.), Idem Sonans, p. 914; Collingsworth v. Hutchinson, 185 Okl. 101, 90 P. 2d 416; Kelly v. Kuhnhausen, 51 Wash. 193, 98 P. 603, 130 Am. S. R. 1093; Jones v. State, 115 Tex. Cr. 418, 27 S. W. 2d 653; 65 C. J. S., Names, § 14, p. 24; 38 Am. Jur., Name, § 36, p. 612. It is now generally recognized that the doctrine of idem sonans has been modified or

enlarged, by what has been spoken of as modern decisions, to conform to the growing rule that a variance to be material must be such as has misled the person affected to his prejudice.

The court said in Raven v. State, 149 Tex. Cr. 294, 193 S. W. 2d 527: "The doctrine of 'idem sonans' has been enlarged to conform to the rule that a variance in names, to be material, must be such as has misled a party to his prejudice."

In Stevens v. Stebbins, 4 Ill. (3 Scam.) 25, the court said: "In relation to variances, courts at the present day are not confined to the rigid rule of idem sonans, but adopting a more liberal and reasonable one, enquire whether the variance be material or immaterial. If there be a material and substantial variance, it is fatal; otherwise it is not."

The Illinois court later said in People v. Callahan, 324 Ill. 101, 154 N. E. 463: "The rule of idem sonans applies to both civil and criminal proceedings, and a variance as to names alleged in an indictment and proved by the evidence is not to be regarded as material unless it shall be made to appear to the court that the jury was misled by it or that some substantial injury was done to the accused thereby * * *." See, also, Brady v. State, 122 Tex. Cr. 279, 55 S. W. 2d 104; Puckett v. Hetzer, 82 Kan. 726, 109 P. 285, 136 Am. S. R. 127; Kelly v. Kuhnhausen, supra; Ordean v. Grannis, 118 Minn. 117, 136 N. W. 575, L. R. A. 1915B 1149; 65 C. J. S., Names, § 14, p. 26.

The name Harald G. Strassen in the abstract of conviction in the court at Central City and the true name of appellant, Harold G. Strasser, are so similar in pronunciation and appearance and the variation is so slight that they must be determined to be idem sonans within the doctrine as above discussed. This is especially true since appellant has not alleged that he is not the identical person who was charged with, pleaded guilty to, and paid the penalty assessed in the case at Central City

referred to in the abstract or certificate under discussion of this phase of the case and the further circumstance that he has not claimed that he did not accumulate 13 points during the less-than-2-year period concerned in this litigation exactly as represented by the five abstracts appearing in the record which were before and on which the appellee acted in issuing the order of revocation of the license of appellant. In this situation it must be concluded that appellant was not and could not have been misled to his prejudice by the slight variation in the two names. He does not even assert that he was except he says his license was suspended for a period by appellee. This was exactly what appellee was compelled to do by clear mandate of the law. § 39-7,129, R. S. Supp., 1955.

Appellant complains that appellee materially altered the abstract made and certified by the justice of the peace as described above by writing thereon above the typewritten words "Not Obtained" the letter and figures "J 8-17072" and by writing thereon near and partly over the ditto marks "8-1846." Appellant states the former was the number of his license to operate a motor vehicle in Nebraska and the latter was his motor vehicle license number. It is not alleged that anything was stricken from the abstract. It is not every change of an instrument or document that affects its validity or effectiveness. If the change does not alter its legal effect it is without significance and will be disregarded. The only effect of the writing made on the abstract was that it had a tendency to identify the person who was charged with and convicted of a traffic violation at the time, in the court, and at the place designated by the abstract. This added no burden to nor deprived appellant of any right or advantage. The name of the party involved in the offense and the conviction therefor were identified by name as above decided herein. The writing alleged to have been done thereon by appellee added nothing to or detracted nothing from the ab-

stract. If the writing had been omitted the abstract would have had exactly the same effect as it had with the writing added. The writing, under the circumstances, had no efficacy or disadvantage. An alteration of a written instrument which neither varies its meaning nor changes its legal effect is immaterial and does not affect or invalidate the instrument. Fisherdick v. Hutton, 44 Neb. 122, 62 N. W. 488; Bank of Cedar Bluffs v. Beck, 128 Neb. 244, 258 N. W. 528, 96 A. L. R. 1099; First Trust Co. v. Airedale Ranch & Cattle Co., 136 Neb. 521, 286 N. W. 766; State ex rel. Nebraska State Bar Assn. v. Bachelor, 139 Neb. 253, 297 N. W. 138.

The amended petition of appellant did not state a cause of action and the trial court was justified in sustaining the general demurrer thereto. The judgment should be affirmed.

AFFIRMED.