STATE OF NEBRASKA, APPELLEE, v. THEODORE CHARLES PAULSON, APPELLANT.

125 N. W. 2d 194

Filed December 20, 1963. No. 35500.

Ralph R. Bremers and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and LYNCH, District Judge.

CARTER, J.

Defendant was convicted of the crime of fleeing in a motor vehicle in an effort to avoid arrest for operating it while his motor vehicle operator's license was revoked, contrary to the provisions of section 60-430.02, R. R. S. 1943. Defendant seeks a review in this court.

On July 10, 1962, defendant approached the intersection of Tenth and Douglas Streets in the city of Omaha on his motorcycle. Two motorcycle patrolmen observed him make an unlawful right turn at this intersection and undertook to apprehend him. The two patrolmen testified that they followed the defendant east on Douglas Street and that they were unable to overtake him, although they attained a speed of 80 miles an hour. Defendant was halted by traffic on the Ak-Sar-Ben Bridge over the Missouri River and the patrolmen caught up with him. One of the patrolmen testified that defendant asked: "How in the world did you ever catch me?" He also quoted the defendant as saying: "I didn't think police motorcycles would run that fast." Subsequently, at the police station defendant told the same patrolman that his driver's license was suspended in Nebraska.

Evidence was offered showing that driver's license of defendant was revoked in Nebraska by the Director of Motor Vehicles for a period of 1 year commencing on March 28, 1961. Notice of the revocation was given the defendant by certified mail, as the statute requires. Defendant admitted receiving the notice. Defendant's license had not been reinstated nor a new license issued. Defendant denied any intent to avoid arrest or that he drove his motorcycle at an excessive speed. The evidence was clearly sufficient to sustain the verdict of the jury.

The defendant's name is Theodore C. Paulson. The order of the Director of Motor Vehicles revoking his operator's license bore the name of Theodore P. Paulson. The letter informing defendant of the action taken by the Director of Motor Vehicles was addressed to Theodore C. Paulson. It is contended by defendant that the variance in the middle initial of his name in the revocation order is fatal to the validity of his conviction. This question was determined in Strasser v. Ress, 165 Neb. 858, 87 N. W. 2d 619, wherein we held that the doctrine of idem sonans applied to both civil and criminal proceedings and a variance in names alleged in an information and proved by the evidence will not be regarded as material unless it shall appear to the court that the jury was misled by it or that the defendant was otherwise prejudiced. The record clearly shows that no prejudice to the defendant resulted in the present case.

It is provided in part by section 60-430.02, R. R. S. 1943: "It shall be unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for operating a motor vehicle while his motor vehicle operator's license has been suspended or revoked, or after such suspension or revocation but before reinstatement of his license or issuance of a new license."

The defendant complains of the insufficiency of the information. No error is assigned in this respect. The record indicates that the sufficiency of the information was questioned for the first time on appeal. An exam-

ination of the information reveals that it is sufficient to sustain the conviction under the foregoing circumstances. The general rule is that a defect in the manner of charging an offense is waived if, upon being arraigned, the defendant pleads to the general issue, provided the information contains no jurisdictional defect and is sufficient to charge an offense under the law. Hunt v. State, 143 Neb. 871, 11 N. W. 2d 533. The language of the information clearly indicates that defendant was charged under section 60-430.02, R. R. S. 1943. This is sufficient when the information is belatedly attacked.

Error is assigned as to the form of the verdict returned by the jury. The questioned part of the verdict states: "* * * do find the said defendant Guilty of the crime of unlawful flight, while operating a motor vehicle, to avoid arrest for operating a motor vehicle while license revoked and not reinstated, as charged in the information." The objection goes to the words "and not reinstated" which were not contained in the information. The information charged but a single offense. In such a case a verdict finding the defendant guilty as charged is sufficient. The other language used in the instant case, of which complaint is made, was surplusage and not prejudicial to the rights of the defendant. The meaning of the verdict is clear and unambiguous. It responds to the charge contained in the information. The surplusage contained in it in no way affects the result, nor operates to the prejudice of the defendant. The error assigned going to the form of the verdict cannot be sustained.

Error is assigned to the giving of instructions Nos. 4, 5, and 10. To quote these instructions would unduly extend this opinion. It is contended that they restrict the function of the jury to determine the credibility of the witnesses and the weight of the evidence. The instructions have been generally used in this state and conform with the holdings of this court. We find noth-

ing in them that is prejudicial to the rights of the defendant.

Other assignments of error are either not argued or are obviously without merit. Finding no prejudicial error in the record, the judgment of the district court is affirmed.

AFFIRMED.